**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
...........................
ROSEMARY A. HUGHES              :    CIVIL ACTION:
                                :    3:02-cv-2177 (GLG)
     Plaintiff,                 :
                                :
v.                              :
                                :    April 2, 2004
                                :
EQUITY OFFICE PROPERTIES TRUST  :
                                :    JURY TRIAL REQUESTED
     Defendant.                 :
...........................:
```

**PLAINTIFF'S REPLY MEMORANDUM RE: THIRD PARTY**
**PLAINTIFF'S OBJECTION TO MOTION FOR DEFAULT**
**FOR THIRD PARTY DEFENDANTS' FAILURE TO PLEAD**

### I. INTRODUCTION

The plaintiff hereby replies to the defendant's-third party plaintiff's, Equity Office Properties Trust (EOP), objection to the plaintiff's "motion" for default for the third party defendants' failure to plead (Objection).

### II. PERTINENT BACKGROUND

The plaintiff submitted a "request" to the Clerk to enter default dated March 22, 2004. Attached thereto, was the plaintiff's Affidavit, which stated in pertinent part:

> The Third Party Defendants, Houlihan's Restaurant, Inc. and Lumberman's Mutual Casualty Insurance Company, Keeper Insurance, have not answered or otherwise moved as to the Complaint, or the Third Party Complaint, and the parties hove not reached a settlement of this case.

ARGUMENT IS REQUESTED
TESTIMONY IS NOT REQUIRED

1

The foregoing remains true. Yet, EOP has filed said Objection, because, purportedly, the plaintiff does not have standing under FRCP 55 to file a "motion" for default against said third-party defendants.

### III. ARGUMENT

A.   FRCP 55(a), Default, states in pertinent part:

> (a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Patently, the plaintiff's said Request to Enter Default complies therewith. EOP is "... a party against whom a judgment for affirmative relief is sought...." EOP "... has failed to plead or otherwise defend as provided by these rules (FRCP)...." "[T]hat fact is (has been) made to appear by affidavit or otherwise (-- no limitation exists as to who may make 'that fact appear' --) and "... the clerk shall (-- a mandatory word, leaving the Clerk no discretion --) enter the party's default."

Further, the fact that EOP has filed an objection to the plaintiff's "motion", which was not filed, rather than the plaintiff's "request", which was filed, indicates that it is confused. EOP seems to commingle FRCP 55(a), Entry, and FRCP(b), Judgment. At this stage of the pleadings, the plaintiff has not filed for a Judgment by Default, but a request to enter a simple default that it is her right -- and duty to keep the pleading process moving to conclusion -- to do.

B.   EOP's footnote on Page 2 of its Objection states:

> EOP as third party plaintiff has not yet moved for default to enter against the third party defendants in order to facilitate ongoing discussions among the parties to the third party complaint that will, if

2

successful, eliminate the need for litigation of the issues raised thereon and result in its withdrawal.

However, the plaintiff was:

1. Never informed of said "ongoing discussions" until after she filed her Request to Enter Default.

2. Informed by the defendant-third party plaintiff that it and the third party defendant had agreed to an <u>indefinite</u> period of time for said "ongoing discussions".

This is improper and unfair. The proper way would have been to move the Court for, inter alia, permission for a modification to the Court approved scheduling order, which was not done.

THE PLAINTIFF,

BY _____
EDDI Z. ZYKO, ESQUIRE
120 FENN ROAD
MIDDLEBURY, CT 06762
CT. JURIS NO: 71655
FEDERAL BAR NO: CT-14172
TEL NO: 203-758-8119
FAX NO: 203-598-7994

## CERTIFICATION OF SERVICE

I hereby certify that on April 2, 2004 a copy of the foregoing was mailed first class, postage prepaid in accordance with the Practice Book to the counsel for the defendant-third party plaintiff, Carmody & Torrance LLP, 195 Church Street, P.O. Box 1950, New Haven, Connecticut 06509-1950 and the counsel for the third party defendants, Bai, Pollack, Blueweiss & Mulchay, PC, 10 Middle Street, Bridgeport, Connecticut 06604.

_____
EDDI Z. ZYKO, ESQUIRE

3