UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROSEMARY A. HUGHES, | : |
| Plaintiff, | : CIVIL ACTION NO. |
| v. | : 3:02CV2177 (RNC) |
| EQUITY OFFICE PROPERTIES TRUST, | : |
| | : JULY 29, 2004 |
| Defendant. | : |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
PRECLUDE TESTIMONY OF EXPERT WITNESSES**

I.  **PRELIMINARY STATEMENT**

This is a premises liability action in which the plaintiff, Rosemary A. Hughes, claims she tripped and fell in a restaurant managed by Houlihan's Restaurant Inc. (Houlihan's), who leased the premises from the defendant Equity Office Properties Trust (EOP). The plaintiff is claiming $9,228.40 in economic damages and almost two million dollars in non-economic damages.

On December 10, 2003, the Court (Goettel, USDJ) entered a revised scheduling order in this case, a copy of which is attached as Exhibit A. Although plaintiff's interrogatory responses listed approximately seven healthcare providers and a member of the A.I.A. as possible witnesses to be called at the trial of this matter, plaintiff has not disclosed pursuant to Fed. R. Civ. Proc. 26(a)(2) that she intends to elicit expert testimony

{W1310359}

from any of these eight potential witnesses. The time for the plaintiff to disclose all expert witnesses and their associated reports was set at July 5, 2004, and has expired. Under the Court's scheduling order, the defendant was ordered to complete depositions of plaintiffs' experts by August 5, 2004, and to disclose their own expert witnesses by September 1, 2004. The parties' joint trial memorandum is due on November 15, 2004, and the case was ordered trial ready for February 1, 2005. As of the date of this motion, the plaintiff has not disclosed any experts in this case.

Even if the plaintiff discloses experts immediately, the defendant could not possibly depose those witnesses before the August 5, 2004 deadline to complete such depositions. In addition, the defendant has not retained any expert witnesses on its own behalf, in reliance on the plaintiff's non-disclosure of expert witnesses. As such, it would be prejudicial and unfair to permit any such witnesses to testify at trial. Therefore, the defendant moves that this Court enter an order precluding the plaintiff's expert witnesses, if any, from testifying at trial.

## II.    ARGUMENT

Pursuant to Fed. R. Civ. P. 26(a)(2), a party must disclose the identity of experts who may be used to present evidence at trial under Rules 702, 703, or 705 of the Federal Rules of Evidence. This disclosure must be accompanied by a written report prepared and signed by the witness. Fed. R. Civ. P. 26(a)(2)(B). The report "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; [and] any exhibits to be used as a summary of or support for the opinions." Id. Moreover, these disclosures

{W1310359}    2

CARMODY & TORRANCE LLP    195 Church Street
Attorneys at Law    Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

must be made at the times and in the sequence directed by the court. Fed. R. Civ. P. 26(a)(2)(C).

Pursuant to Fed. R. Civ. P. 16(b), the Court must enter scheduling orders to limit the time to complete discovery. Here, the Court's initial scheduling order was issued on May 22, 2003. On November 25, 2003, the parties filed a Motion Upon Consent to Extend Scheduling Order (DK No. 16). Because plaintiff had failed to respond to defendant's discovery requests dated October 31, 2003, defendant filed second Motion to Extend Scheduling Order (DK No. 27) on May 28, 2004. Under the present scheduling order the plaintiff was required to disclose her experts and provide reports by July 5, 2004. The plaintiff has patently failed to do so.

The plaintiff's interrogatory responses dated June 26, 2004 list numerous health care providers as possible expert witnesses at trial. (Plaintiff's interrogatory responses attached as Exhibit B). In addition, the responses include David C. Cowen, A.I.A. as a foreseeable expert, presumably to testify in support of the plaintiff's claim that the defendant violated the BOCA National Building Code, as adopted by the Massachusetts State Building Code. Nonetheless, the plaintiff has failed to provide the defendant with written reports, exhibits, or any other information related to the opinion of said expert witnesses in direct contravention of Rule 26 of the Federal Rules of Civil Procedure.

Rule 26 requires that the plaintiff provide a comprehensive written and signed report from any witness who is "retained or specifically employed to provide expert testimony in the case" which includes any witness who will testify pursuant to Rule 702 of the Federal Rules of Evidence, and who will receive consideration, whether monetary or

{W1310359}    3

otherwise, different than the statutory fees and allowances ordinarily prescribed by law. See Moore's Manual: Federal Practice and Procedure § 15.02[3]. "This rule was enacted to counter the practice under the former rule of providing information that was frequently so sketchy and vague that it rarely dispensed with the need to depose the expert and often was even of little help in preparing for a deposition of the witness." Fed. R. Civ. P. 26(a)(2), Advisory Committee Note of 1993. "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial . . . any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1); see also Moore's Manual: Federal Practice and Procedure § 15.02[3]; Applera Corporation v. MJ Research Inc., 220 F.R.D. 13 (D. Conn. 2004) (JBA) (defendant's failure to comply with scheduling order's expert disclosure requirements warranted sanction of preclusion of expert testimony on any issue for which experts were not identified and their reports were not served by the conclusion of the expert discovery period) (attached as Exhibit C).

Accordingly, the plaintiff having failed to comply with the Court's scheduling order and Rule 26 regarding disclosing expert reports, pursuant to Fed. R. Civ. P. 37(b)(2) and 37(c)1, the defendant respectfully moves this court to enter an order that no witnesses who have been retained by the plaintiff be permitted to provide expert testimony, defined as evidence within the scope of Fed. R. Evid. 702, 703, or 705.

{W1310359}    4

CARMODY & TORRANCE LLP    195 Church Street
Attorneys at Law    Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

THE DEFENDANT,
EQUITY OFFICE PROPERTIES TRUST

BY: *[signature]*
Howard K. Levine
Federal Bar No.: ct10555
Kimberly J. Tibbetts
Federal Bar No.: ct25293
Carmody and Torrance LLP
195 Church Street / P.O. Box 1950
New Haven CT 06509-1950
Telephone: (203) 777-5501
Facsimile: (203) 784-3199
Its Attorneys

{W1310359}   5

CARMODY & TORRANCE LLP   195 Church Street
Attorneys at Law   Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

## CERTIFICATION

This is to certify that a copy of the foregoing was sent by postage prepaid, on the above date, to:

| | |
|---|---|
| Eddi Z. Zyko, Esq.<br>120 Fenn Road<br>Middlebury, CT 06762<br>*Attorney for Plaintiff* | Jeffrey A. Blueweiss<br>Michael S. Lynch<br>Bai, Pollock, Blueweiss & Mulcahey<br>Park City Plaza<br>10 Middle Street, Suite 820<br>PO Box 1978<br>Bridgeport, CT 06604<br>*Attorneys for Third-Party Defendants,*<br>*Houlihan's Restaurants, Inc., Lumberman's*<br>*Mutual Casualty Ins., and Kemper*<br>*Insurance Group* |

_____
Howard K. Levine

{W1310359}    6

CARMODY & TORRANCE LLP    195 Church Street
Attorneys at Law    Post Office Box 1950
    New Haven, CT 06509-1950
    Telephone: 203 777-5501