220 F.R.D. 13
220 F.R.D. 13
(Cite as: 220 F.R.D. 13)

**Page 1**

United States District Court,
D. Connecticut.

APPLERA CORPORATION and Roche Molecular
Systems, Inc., plaintiffs,
v.
MJ RESEARCH INC. and Michael and John Finney,
defendants.

No. 3:98cv1201(JBA).

Feb. 3, 2004.

**Background:** Plaintiffs in patent infringement suit renewed motion in limine to **preclude** defendants from offering expert testimony from any witness not identified as an expert or who did not submit an expert report.

**Holdings:** The District Court, Arterton, J., held that:
(1) declaration of plaintiffs' counsel in support of motion to **preclude** defendant from presenting expert testimony satisfied requirement of local rule that counsel making discovery motion file affidavit attesting to good faith attempt to resolve discovery dispute;
(2) scheduling orders obligated defendant to identify all its trial **experts** whether or not an expert was also an employee of defendant, and to submit their reports; and
(3) defendant's failure to comply with scheduling order's expert disclosure requirements warranted sanction of preclusion of expert testimony on any issue for which **experts** were not identified and their initial reports were not served by the conclusion of the expert discovery period.

Motion granted.

West Headnotes

[1] Patents ☞292.4
291k292.4

Declaration of plaintiffs' counsel in support of motion to preclude defendant from presenting expert testimony in patent infringement suit for failure to observe expert discovery deadlines satisfied requirement of local rule that counsel making discovery motion file affidavit attesting to good faith attempt to resolve discovery dispute; declaration succinctly summarized discussion with opposing counsel, narrowly presented the disputed issue, and

indicated an impasse. U.S.Dist.Ct.Rules D.Conn., Civil Rule 37(a), par. 2.

[2] Patents ☞292.4
291k292.4

Broad language of scheduling orders in patent infringement suit requiring identification and reports from all trial experts, both rebuttal and those opining on matters on which a party bears the burden of proof, was authorized by expert discovery rule and obligated defendant to identify all its trial experts whether or not an expert was also an employee of defendant, and to submit their reports. Fed.Rules Civ.Proc.Rule 26(a)(2)(B), 28 U.S.C.A.

[3] Patents ☞292.4
291k292.4

Defendant's failure to comply with scheduling order in patent infringement suit regarding both identification of experts and disclosure of their reports warranted sanction of precluding any witness for defendant from presenting expert testimony on any issue for which they were not identified and their initial reports were not served by the conclusion of the expert discovery period, considering that case was almost six years old, expert discovery has long been closed, and there was no time for additional discovery before trial commenced. Fed.Rules Civ.Proc.Rule 37(b)(2), 28 U.S.C.A.

*13 Brian M. Poissant, Bruce J. Barker, Pennie & Edmonds, Charles W. Bradley, Jennifer Gordon, Joseph Evall, Robert A. Cote, *14 Stephen J. Lieb, John Josef Molenda, Patrick J. Hoeffner, Sharon Yang, Orrick, Herrington & Sutcliffe, Lawrence B. Goodwin, Chadbourne & Parke, Wendy Schechter, Heller, Ehrman, White & McAuliffe LLP, William J. Hone, Fish & Richardson, PC, New York City, David Gersch, Asim Varma, Bertrand R. Lanciault, III, Michael J. Klyce, Jr., Arnold & Porter, Mary L. Azcuenaga, Heller, Ehrman, White & McAuliffe LLP, Washington, DC, James T. Shearin, Pullman & Comley, Bridgeport, CT, Gwen P. Weisberg, Pullman & Comley, James Sicilian, Jennifer K. Lawson, Mario R. Borelli, Robin L. Smith, Day, Berry & Howard, Hartford, CT, Edward R. Reines, Matthew D. Powers, Weil, Gotshal & Manges, Redwood Shores, CA, for Plaintiffs.

A. Jason Mirabito, Geri L. Haight, Brett N. Dorny, Ivor R. Elrifi, John A. Harre, Joseph G. Blute, William A. Marino, Mintz, Levin, Cohn, Ferris,

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

220 F.R.D. 13
(Cite as: 220 F.R.D. 13, *14)

Glovsky & Popeo, P.C., Joseph B. Darby, III, Greenberg & Traurig, Boston, MA, Albert L. Jacobs, Jr., Gerard F. Diebner, Joseph M. Manak, Greenberg Traurig, Daniel A. Ladow, Graham & James, John E. Beerbower, Cravath, Swaine & Moore, Mary Morabito Rosewater, Schulte, Roth & Zabel, New York City, C. Allen Foster, Kevin E. Stern, Greenberg Traurig, LLP, William C. Brashares, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, Washington, DC, Donna Nelson Heller, Harold Bolton Finn, III, Patrick J. McHugh, Finn, Dixon & Herling, Stamford, CT, for Defendants.

Ruling on Plaintiffs' Renewed Motion in Limine to Preclude Defendants from
Offering Expert Testimony on an Issue from Any Witness Not Identified as an
Expert on that Issue or Who Did Not Submit a Report
[Doc. # 762-6]

ARTERTON, District Judge.

Plaintiffs renew their motion in limine pursuant to Fed.R.Civ.P. 37, to preclude defendants MJ Research, Inc., Michael Finney and John Finney (collectively "MJ") from offering expert testimony on any issue from any trial witness, including an employee-trial expert, who was not identified as an expert on that issue or did not submit an expert report, in violation of the Court's Scheduling Order and Fed.R.Civ.P. 26(a)(2)(A).   For the reasons set forth below, the motion [Doc. # 762-6] is GRANTED.

I. Background

This case was commenced nearly six years ago on June 24, 1998.   On March 31, 1999, the Court entered a scheduling order providing, "[e]ach party shall identify its trial experts on all issues for which it has the burden of proof and provide the opposing party with expert reports by February 1, 2000." See Order [Doc. # 96] at 2. Subsequent scheduling orders reiterated this directive, extending the deadline to March 1, 2000, see Order (dated October 29, 1999) [Doc. # 155] at 2, and ultimately to July 15, 2000, see Order (dated May 26, 2000) [Doc. # 282] at 1. [FN1] The final scheduling order regarding experts also specified that "[r]ebuttal experts shall be identified and their expert reports provided by October 2, 2000." See id. at 1-2.  Fact discovery closed on October 27, 2000.

FN1. Both parties appear to be under the

impression that the final deadline was extended to August 31, 2000 by agreement but neither cite to judicial approval of such extension.

MJ identified Dr. Sharier Motakef as its invalidity expert and provided his expert report addressing MJ's invalidity contentions directed against U.S. Patent No. 5,474,610 (the "610" Patent). [FN2] MJ also identified its co-founder and Chief Scientific Officer Michael Finney, Ph.D., as a rebuttal expert to plaintiffs' expert on infringement.   It served his expert report regarding the '610 Patent on plaintiffs on December 11, 2000. See Cote Decl. [Doc. # 787] Ex. 59 at 1. [FN3] MJ identified *15 no experts and provided no expert reports regarding its claims of invalidity of U.S. Patent No. 5,333,675 or U.S. Patent No. 5,656,493.  Expert discovery generally closed on January 10, 2001.

FN2. MJ bears the burden of establishing any invalidity defense it has raised to the patents in suit. See 35 U.S.C. § 282 ("A patent shall be presumed valid.... The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity.").

FN3. "My name is Michael Finney, and I have been asked by counsel for MJ Research, Inc. ('MJ') to serve as an expert witness in the above-identified case in rebuttal to PE Corporation's ('PE') and Roche Molecular System Inc.'s ('Roche') evidence of infringement of U.S. Patent No. 5,474,610.   I understand that I may be called to present expert testimony at trial, including testimony in rebuttal, and I have been asked to prepare a written report with respect to that possible testimony."

On September 5, 2000, prior to the close of expert discovery but after the July 15 cutoff for identifying experts and providing their reports, counsel for Applera (then Perkin-Elmer) sent an electronic mail to counsel for MJ, stating

It appears that we have not received expert reports from you on all of the issues for which you have the burden of proof.  We would appreciate the courtesy of an explanation as to why that is the case. We would also like to know whether you or Cravath intend to provide us with expert reports on any other issues for which MJ has the burden of proof, including, for example, the unenforceability (for inequitable conduct) and validity of the '675 and '493 patents and damages

on the antitrust counterclaims. If you do intend to serve additional expert reports, please let me know when for each issue.

Motion [Doc. # 324] Ex. B. Later the same day, counsel for Applera sent a follow up electronic mail, asking

> Further to my email this morning, it is our understanding, based on Bill Marino's telephone conversation this afternoon with Stephen Lieb, that MJ has identified all of its trial experts on all issues for which it has the burden of proof, as required by the Scheduling Order. It is, therefore, our understanding that MJ will not present expert testimony at trial, on any issue for which MJ has the burden of proof, that is not already included in the two expert reports (Philips and Motakef) that MJ served on us last week. Thus, it is our understanding that MJ will not provide expert testimony on such issues as the validity and enforceability of the '675 and '493 patents or damages for MJ's antitrust counterclaims. If our understanding is incorrect, please immediately identify each additional person who may provide expert testimony on MJ's behalf and the issue or issues upon which that testimony will be provided.
>
> If you have any questions, or otherwise wish to discuss this matter further, please call me.

Id. Ex. C. On September 15, 2000, plaintiff Applera filed a Motion to Preclude MJ Research from Offering Any Expert Testimony for Which It Has Not Submitted an Expert Report [Doc. # 324], invoking the May 26, 2000 scheduling order, attaching the above transcribed electronic mails to MJ's counsel, and stating,

> PE has requested that MJ clarify its intentions, but MJ has been unwilling to do so. Accordingly, by this motion, PE requests an order precluding MJ from presenting any expert testimony, at trial, for which it has not submitted an expert report in compliance with the Scheduling Order.

Id. at 1-2. MJ's opposition was filed on October 16, 2000, which in full is as follows,

> The practice of discovery in this Court is governed by the Federal Rules of Civil Procedure ("Federal Rules"), the Local Rules of the District of Connecticut ("Local Rules") and the orders of this Court. Plaintiff PE Corporation ("PE") now moves to preclude MJ Research Incorporated ("MJ") from offering at trial any expert testimony for which it did not submit expert reports by August 31, 2000.
>
> At best, PE's request is premised on pure conjecture and is totally premature. Taken

literally, it seeks to deprive MJ of its rights under the Federal Rules and the scheduling order of this Court. For example, PE's motion would prevent MJ from submitting rebuttal expert testimony, clearly provided for in all of the Court's scheduling orders. In contravention of the Federal Rules, PE's motion would prevent supplementation and corrections with respect to any of the information contained in MJ's expert reports.

> Even if the motion were amended so as not to be blatantly overreaching and unfair, it is still unnecessary and inappropriate in that it requests this Court to rule on *16 issues not yet identified or even known. If and when the time comes that MJ seeks to introduce evidence that PE contends is in contravention of the applicable rules or in violation of this Court's orders, PE will have the opportunity to seek protection.

MJ's Opp'n [Doc. # 331] at 1-2 (footnote omitted). By reply filed October 27, 2000, Applera previewed the arguments made in support of the present motion, which will be discussed below, and attached a declaration from its counsel, which reads in part,

> On October 10, 2000 during the deposition of Shariar Motakef, MJ's attorney, Mr. Joseph Blute and I discussed MJ's failure to identify experts or provide expert reports concerning MJ's allegations that the '675 and '493 patents are invalid, among other defenses. Mr. Blute indicated to me that MJ will not identify or submit expert reports for employee-trial experts. Mr. Blute gave Michael Finney as an example of an MJ employee who can testify as a trial expert without being identified as such and who need not submit an expert report.

Reply [Doc. # 347] Ex. 1 (Cote Decl.) ¶ 2. On March 29, 2001, the Court (Squatrito, J., presiding) "DENIED without prejudice" plaintiff's motion by margin endorsement order. Motion [Doc. # 324].

On November 17, 2003, approximately three and a half months prior to the scheduled trial start date, MJ identified John Finney, Michael Finney, and sixteen others for the first time as witnesses who would testify regarding MJ's defenses to direct and inducement of infringement claims. See Supplemental Cote Decl. [Doc. # 824] Ex. 82. In addition, on January 15, 2004, MJ identified the Finneys for the first time as testifying on the alleged invalidity of the patents in suit. See id. Ex. 83 at 2. Plaintiffs assert consequently they have never deposed these eighteen witnesses with respect to any expert opinion or conducted any written discovery

220 F.R.D. 13
(Cite as: 220 F.R.D. 13, *16)

directed towards their expert opinions and therefore do not know what their intended expert testimony will be.

MJ's opposition does not contest the factual background set forth above. While admitting that part of the testimony of both Michael and John Finney will be expert opinion testimony based on the Finneys' scientific and technical expertise with thermal cyclers, MJ opposes plaintiffs' motion on two grounds: 1.) it violates Fed.R.Civ.P. 37(a)(2)(b) and D. Conn. L. Civ. R. 37(a) 2 by failing to attach an accompanying affidavit certifying that plaintiffs, before filing the motion, conferred with defendants in good faith to resolve the issues raised therein by agreement; and 2.) The individually named defendants/owners of the corporate defendant, as employee-experts, are not covered by Fed.R.Civ.P. 26. In the alternative, should the Court conclude the Finneys and other MJ employees are covered by Fed.R.Civ.P. 26, MJ urges the Court to order the production of expert reports by them and allow plaintiffs additional discovery on the substance thereof.

II. Discussion

A. D. Conn. L. Civ. R. 37(a)2. [FN4]

    FN4. Fed.R.Civ.P. 37(a)(2)(B) does not on its face apply to the present situation.

[1] No motion pursuant to Rules 26 through 37, Fed.R.Civ.P., shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution. In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the Court, as a part of the motion papers, an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement. If some of the issues raised by the motion have been resolved by agreement, the affidavit shall specify the issues so resolved and the issues remaining unresolved.

    D. Conn. L. Civ. R. 37(a)2. MJ argues that plaintiffs failure to attach a certifying affidavit *17 to its motion requires denial, that no good faith discussion has occurred and that they informed

plaintiffs prior to the filing of this motion of their willingness to submit additional reports of both Michael and John Finney. MJ submits no supporting evidentiary basis or affidavit, and presents nothing to indicate the timing of their offer in relation to plaintiffs' filing of the present motion. Under the facts of this case, MJ's argument is unavailing.

Plaintiffs' present motion renews the earlier one on the same topic, which had been denied without prejudice to renew. Applera's counsel's declaration submitted in support of its earlier reply, see Reply [Doc. # 347] Ex. 1 (Cote Decl.), satisfies the spirit of the affidavit requirement by succinctly summarizing a discussion with opposing counsel, narrowly presenting the disputed issue, and indicating an impasse. That declaration and the electronic mailings attached to the earlier motion, see Motion [Doc. # 324] Exs. B-C, flatly contradict MJ's implication that Applera failed to make a good faith effort at non-judicial resolution of the dispute. [FN5] In any event, the purpose of avoiding unnecessary motions by one party alerting the other to alleged shortcomings so they can be rectified has been adequately served here with respect to this motion.

    FN5. The facts of the case cited by MJ, *Murphy v. Barberino Brothers, Inc.*, 208 F.R.D. 483 (D.Conn.2001), where "at oral argument plaintiffs' counsel indicated that he did not even attempt to resolve these issues prior to filing the motion, or subsequently," *id.* at 484, stand in stark contrast to Applera's actions here.

B. Court's Order and Federal Rules

1. Applicable Law

Fed.R.Civ.P. 37(b)(2) provides:
    If a party ... fails to obey an order to provide or permit discovery ..., the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
    ...
    (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence ....

Fed.R.Civ.P. 37(c)(1) provides:
    A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) or to amend a prior response to

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed.R.Civ.P. 26(a)(2) states:
(A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
(B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.
(C) These disclosures shall be made at the times and in the sequence directed by the court.

2. Court's Order

[2] Plaintiffs argue that the broad language of the Court's scheduling orders requiring identification and reports from all trial experts-- both rebuttal and those opining *18 on matters on which a party bears the burden of proof--is contemplated by Fed.R.Civ.P. 26(a)(2)(B), which begins "[e]xcept as otherwise stipulated or directed by the court....," and obligated MJ to identify all its trial experts whether or not an expert was also an employee of MJ. MJ appeared to have taken no issue with the requirements when the scheduling order was entered and in fact subsequently and timely identified its employee Michael Finney as a trial rebuttal expert and correspondingly disclosed his expert report rebutting plaintiffs' '610 infringement claim on December 11, 2000.

Notwithstanding their clear disclosure language, MJ argues that the prior scheduling orders, Docs. 96,

155, and 282, only provided for the timing of exchanges pursuant to Fed.R.Civ.P. 26(a)(2)(C) and did not purport to create obligations apart from or alter those present in Fed.R.Civ.P. 26(a). MJ further contends that Michael and John Finney's proposed testimony does not fall "under the ambit of Fed.R.Civ.P. 26(a)(2)" because they were not required to submit expert reports as neither was "retained or specially employed to provide expert testimony in the case" nor has "duties as an employee of the party regularly involv[ing] giving expert testimony." MJ intuits from the Court's three word margin endorsement order of March 29, 2001 that "[t]he Court's previous refusal to grant plaintiffs' motion on these very grounds is good evidence that Judge Squatrito did not interpret his Order as plaintiffs would now have this Court do," Opp'n [Doc. # 857] at 3, that is, altering the provisions of Fed.R.Civ.P. 26(a)(2).

The Court disagrees with MJ. There is nothing confusing or complicated about the Court's scheduling orders. The orders distinguish between the purposes of trial experts, in terms of scheduling, but broadly impose identification and report requirements for all of them. Fed.R.Civ.P. 26(a)(2)(A) itself, which is ignored by MJ, requires disclosure of the identity "of *any person* " who will testify at trial as an expert (one presenting evidence pursuant to Fed.R.Evid. 702, 703, or 705). While the language of Fed.R.Civ.P. 26(a)(2)(B) only mandates expert reports of a subset of the experts required under subdivision (A) to be identified ("[the identity disclosure of subdivision (A)] shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report...."), it explicitly provides that the scope of the expert report requirement may be expanded by court order, which is precisely what the Court did when it required expert reports of all trial experts. *See also* Fed.R.Civ.P. 26 Advisory Committee Notes (1993) ("By local rule, order, or written stipulation, the requirement of a written report may be waived for particular experts or imposed upon additional persons who will provide opinions under Rule 702.").

MJ's attempt to squeeze out of a three word margin endorsement Judge Squatrito's disapproval of the arguments Applera now makes stretches credulity. The most that can be gleaned from it is that he regarded the motion as premature when brought, with the original trial date having passed and no new date

having been set, but renewable at the appropriate time and circumstance, which is now on the eve of trial.

The Court finds MJ's current position duplicitous in light of its timely identification of Michael Finney as a rebuttal expert with respect to '610 Patent infringement. While, in October 2000, defense counsel appears to have asserted MJ's present position, *see* Reply [Doc. # 347] Ex. 1 (Cote Decl.) ¶ 2, its subsequent service of Michael Finney's report in December 2000 gave the appearance of acquiescence that would have put plaintiffs off guard with respect to surprise expert testimony to be proffered down the road.

3. Federal Rules

Whether or not MJ's "employee experts" or, in the case of the Finneys, named defendants, fall within the subset of experts required to disclose expert reports under Fed.R.Civ.P. 26(a)(2)(B), [FN6] to the extent they intend *19 to offer expert testimony at trial within the scope of Fed.R.Evid. 702, 703, or 705, they unambiguously fall within Fed.R.Civ.P. 26(a)(2)(A)'s requirement that they be identified to plaintiffs as expert witnesses, a disclosure required to have been accomplished under the Court's scheduling order by July 15, 2000 (and for rebuttal experts by October 2, 2000). MJ's refusal to identify even the named defendants as "experts" under subdivision (A) appears to have been a calculated decision, *see* Reply [Doc. # 347] Ex. 1 (Cote Decl.) ¶ 2; Motion [Doc. # 324] Ex. B, C, but one of high risk given its representation that the Finneys' testimony "is likely to be opinion testimony based on the Finneys' scientific and technical expertise with thermal cyclers," Opp'n [Doc. # 857] at 1, which squarely runs up against Fed.R.Evid. 701(c)'s limitation on the scope of lay opinion testimony. In fact, the amendments to Fed.R.Evid. 701 in 2000 were designed to prevent exactly what MJ now attempts to do--call expert witnesses in the guise of laypersons to offer opinion testimony on invalidity and infringement. *See* Fed.R.Evid. 701 Advisory Committee Notes (2000) ("By channeling testimony that is actually expert testimony to Rule 702, the amendment also ensures that a party will not evade the expert witness disclosure requirements set forth in Fed.R.Civ.P. 26 ... by simply calling an expert witness in the guise of a layperson.... The amendment makes clear that any part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of 702 and the corresponding disclosure requirements of the Civil and Criminal Rules."). [FN7]

> FN6. *Compare KW Plastics v. U.S. Can Co.,* 199 F.R.D. 687, 688-690 (M.D.Ala.2000) (employee experts whose duties as employees do not regularly involve giving expert testimony can be characterized as falling within Fed.R.Civ.P. 26(a)(2)(B)'s mandatory disclosure category "specially employed to provide expert testimony in the case," a result consistent with the federal rules' policy encouraging pre-trial disclosure of expert testimony); *Minnesota Mining and Manufacturing Co. v. Signtech USA, Ltd.,* 177 F.R.D. 459 (D.Minn.1998) (same); *Day v. Consolidated Rail Corp.,* No. 95 CIV. 968, 1996 WL 257654, at *1-3 (S.D.N.Y. May 15, 1996) (same) *with Duluth Lighthouse for the Blind v. C.G. Bretting Manufacturing Co.,* 199 F.R.D. 320, 324-26 (D.Minn.2000) (plain language of Rule 26(a)(2)(B) requires disclosure of expert reports only from non-employees of a party retained or specially employed for a particular case and employees of a party who regularly testify for the employer party); *Navajo Nation v. Norris,* 189 F.R.D. 610 (E.D.Wash.1999) (same).

> FN7. MJ observes that owner/officers such as the Finneys are permitted to testify about the value or projected profits of MJ. MJ is correct to the extent the testimony is based on the knowledge derived from their position in the business and not because of their specialized experience and training. *See* Fed.R.Evid. 701 Advisory Committee Notes (2000).

4. Sanction

[3] Accordingly, MJ and the named individual defendants having failed to comply with the Court's scheduling order regarding both identifying experts and disclosing their reports, pursuant to Fed.R.Civ.P. 37(b)(2), neither Michael or John Finney nor any other MJ witness will be permitted to provide expert testimony, defined as evidence within the scope of Fed.R.Evid. 702, 703, or 705, on any issue for which they were not identified and their initial reports were not served by the conclusion of the Court ordered expert discovery period. This sanction is "just" under Fed.R.Civ.P. 37(b)(2) because MJ's disclosures were made on the eve of trial; this case is almost six years old; expert discovery has long been closed; there is no time for additional discovery before trial

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

220 F.R.D. 13
(Cite as: 220 F.R.D. 13, *19)

commences on March 4, 2004; MJ was repeatedly asked in late 2000 for its expert disclosures; MJ refused to respond to plaintiffs' inquiries and gave the Court no inkling in its opposition [Doc. # 331] to plaintiffs' first motion regarding expert disclosure that it believed it had no identification or expert report disclosure obligations with respect to employee or named defendant witnesses, but only urged the Court to deny the motion as "premature," based on "conjecture," and as dealing with "issues not yet identified or even known;" MJ gave the appearance of acceding to plaintiffs' position by identifying Michael Finney as a rebuttal expert on infringement and serving his report on the '610 Patent; and plaintiffs never knew the identity of MJ's newly designated experts and had no opportunity to conduct discovery on such experts' opinions and the bases thereof. Given the *20 vigorous pre-trial preparation currently underway by the parties, MJ's proposal that its delinquencies be remedied by re-ordering production of its expert reports and allowing

plaintiffs' more discovery (presumably including expert depositions and opportunity for responsive supplementation of plaintiffs' own expert reports) is patently untenable. [FN8]

> FN8. In the alternative, as MJ had no "substantial justification," Fed.R.Civ.P. 37(c)(1), for having failed to comply with the identification requirement of Fed.R.Civ.P. 26(a)(2)(A), the expert testimony identified above may not be permitted to be used at trial. In addition, for the reasons set forth above for why this sanction is "just" under Fed.R.Civ.P. 37(b)(2), MJ's non-compliance could in no way be considered "harmless."

IT IS SO ORDERED.

220 F.R.D. 13

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works