UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
..........................................
ROSEMARY A. HUGHES           :  CIVIL ACTION:  FILED
                             :  3:02-cv-2177 (RNC)
     Plaintiff,              :                    2004 AUG 12 A 11: 18
                             :
V.                           :  August 11, 2004
                             :              DISTRICT COURT
                             :              HARTFORD, CT.
EQUITY OFFICE PROPERTIES TRUST :
                             :  JURY TRIAL REQUESTED
     Defendant.              :
..........................................
```

PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO
PRECLUDE TESTIMONY OF EXPERT WITNESSES AND
PLAINTIFF'S MOTION TO EXTEND SCHEDULING ORDER

I. INTRODUCTION

The plaintiff hereby replies to the defendant's-third party plaintiff's, Equity Office Properties Trust (EOP), Motion to Preclude Testimony of Expert Witnesses dated July 29, 2004 (hereafter Motion) and, hereby, moves for permission to extend Scheduling Order.

II. PERTINENT BACKGROUND

The plaintiff submitted her response to the defendant's First Set of Interrogatories and Requests for Production Directed to the Plaintiff attached as Exhibit B of the defendant's said Motion. In response to Interrogatory 4 thereof, the plaintiff identified as an expert witness the following:

ARGUMENT IS REQUESTED
TESTIMONY IS NOT REQUIRED

1

David C. Cowen, A.I.A
Robson Lapina, Forensic Engineers, Architects, Scientists
    & Fire Investigators
67 South Bedford Street, Suite 400W
Burlington, MA  01803

In a phone conversation with Attorney Tibbets, counsel of record for the defendant, the undersigned requested that Mr. Cowen be provided permission to enter the premises in question and an opportunity to review document associated with the construction/ alteration/ maintenance of the location where the plaintiff was injured therein upon. In spite of the plaintiff's consent to the defendant's Motion to Extend Scheduling Order so that fact discovery would be completed by October 1, 2004, she objected, stating she would not consent to a extension of the Scheduling Order and would file said Motion. Manifestly, as a matter of equity in view of the plaintiff's consent to the defendant's Motion to Extend Scheduling Order and to allow the plaintiff to properly disclose her said expert, the Court should:

    1. Extend the Scheduling Order so that the plaintiff may disclose her said expert by September 15, 2004 and the defendant's deposition of him be completed by October 1, 2004.

    2. Order that Mr. Cowen be provided permission to enter the premises in question and an opportunity to review document associated with the construction/ alteration/ maintenance of the location where the plaintiff was injured therein upon by September 8, 2004.

THE PLAINTIFF,

BY _Eddi Z. Zyko_
EDDI Z. ZYKO, ESQUIRE
120 FENN ROAD
MIDDLEBURY, CT 06762
CT. JURIS NO:  71655
FEDERAL BAR NO: CT-14172
TEL NO: 203-758-8119
FAX NO: 203-598-7994

## O R D E R

The above, having been heard/ reviewed, it is hereby ORDERED:

1. The defendant's-third party plaintiff's, Equity Office Properties Trust (EOP), Motion to Preclude Testimony of Expert Witnesses dated July 29, 2004 is denied.

GRANTED    /    DENIED

2. The Scheduling Order is extended so that the plaintiff may disclose her said expert by September 15, 2004 and the defendant's deposition of him be completed by October 1, 2004.

GRANTED    /    DENIED

2. Mr. Cowen shall be provided permission to enter the defendant's premises in question and an opportunity to review document associated with the construction/ alteration/ maintenance of the location where the plaintiff was injured therein upon by September 8, 2004.

GRANTED    /    DENIED

                        ROBERT N. CHATIGNY
                        CHIEF, UNITED STATES DISTRICT JUDGE

## CERTIFICATION OF SERVICE

    I hereby certify that on August 11, 2004 a copy of the foregoing was mailed first class, postage prepaid in accordance with the Practice Book to the counsel for the defendant-third party plaintiff, Carmody & Torrance LLP, 195 Church Street, P.O. Box 1950, New Haven, Connecticut 06509-1950 and the counsel for the third party defendants, Bai, Pollack, Blueweiss & Mulcahey, PC, 10 Middle Street, Bridgeport, Connecticut 06604.

    */s/ Eddi Z. Zyko*
    EDDI Z. ZYKO, ESQUIRE