# MORRISON MAHONEY LLP

COUNSELLORS AT LAW

| 250 SUMMER STREET<br>BOSTON, MASSACHUSETTS 02210-1181<br>617-439-7500<br>FACSIMILE 617-439-7590 | ONE CONSTITUTION PLAZA, 10th FLOOR<br>HARTFORD, CONNECTICUT 06103-1810<br>860-616-4441<br>FACSIMILE: 860-244-3800 | MASSACHUSETTS<br>BOSTON<br>FALL RIVER<br>SPRINGFIELD<br>WORCESTER | CONNECTICUT<br>HARTFORD<br>NEW YORK<br>NEW YORK |
|---|---|---|---|
| Warren E. Sinofsky<br>fax 541-4870<br>sinofsky@morrisonmahoney.com | | RHODE ISLAND<br>PROVIDENCE | ENGLAND<br>LONDON |

RECEIVED
DEC 1 10 05 AM '04
CHAMBERS
ROBERT N. CHATIGNY
U.S. DISTRICT COURT

November 30, 2004

The Honorable Robert N. Chatigny
United States District Court
450 Main Street
Hartford, CT 06103

*Complies.*

Re:   Hughes v. Equity Office Properties Trust
      Docket No.: 3:02-CV-2177 (RNC)

Dear Honorable Chatigny:

Please accept this correspondence as the defendant Equity Office Properties' formal request for a pre-filing conference in accordance with the Scheduling Order. The defendant proposes to file a motion for summary judgment on the following grounds:

(1)   The plaintiff's cause of action is time barred by the statute of limitations under C.G.S. §52-584 because the complaint was not actually served within two years from the date of the plaintiff's fall.

The Plaintiff failed to serve the complaint within the confines of § 52-584, thus the action is time-barred. The Federal court, when sitting in diversity, applies Connecticut state law to determine the date upon which an action is commenced. Rocco v. Garrison, 268 Conn. 541 n.10 (2004). This is so because the Second Circuit "recognized the important relationship between a state's statute of limitations and the service of process requirement and held that Connecticut's actual service, rather than Rule 3 Fed. R. Civ. P., govern[s] commencement." See Converse v. Gen. Motors Corp., 893 F.2d 513, 515 (2d Cir. 1990).

In countless cases, actions have been barred by the statute of limitations because the complaint was not "actually served" before the statute ran. See generally Russo v. Harra's Atl. City, 1991 U.S. Dist. LEXIS 14884 (D. Conn. July 17, 1991) (defendant's motion for summary judgment granted where plaintiff mailed complaint two days before running of statute, but defendant received it two days after the statute of limitations expired); Palacio v. Munies, 1999 U.S. Dist. LEXIS 12393 (D. Conn. Aug. 5, 1999) (defendant's motion for summary judgment granted where plaintiff failed to show that defendant actually received complaint prior to running of the statute); Choquette v. Sanfilippo, 2001 U.S. Dist. LEXIS 17344 (D. Conn. Sept. 28, 2001)

---

[Handwritten margin endorsement, Robert N. Chatigny, U.S.D.J.:]

December 6, 2004. The Clerk will docket this letter and send copies of this endorsement to counsel of record. Counsel may file the proposed motion on or before March 1, 2005, without a prefiling conference. So ordered.