UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 APR 15  A 10: 06

|  |  |
|---|---|
| ROSEMARY A. HUGHES | CIVIL ACTION: |
| Plaintiff, | 3:02-cv-2177 (RNC) |
| V. | April 14, 2005 |
| EQUITY OFFICE PROPERTIES TRUST |  |
| Defendant. | JURY TRIAL REQUESTED |

DISTRICT COURT
HARTFORD CT

**PLAINTIFFS' MOTION TO FURTHER ENLARGE THE TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The plaintiff hereby moves the Court to further enlarge the time thru June 1, 2005 for her to respond to the defendant's Motion for Summary Judgment dated February 28 2005. Attorney Darren E. Sinofsky, assigned defendant's counsel, concurs in court granting this motion.

This motion is necessitated, because:

1. On September 3, 2004, the plaintiff served on the defendant a:

   a. Notice of a FRCP 30(b)(6) deposition of the defendant, a copy of which is Exhibit a hereto.

   b. Request to Enter the premises where plaintiff's injuries occurred, 60 State Street, Boston, Massachusetts 02109 aka "Sixty State Street".

   c. Requests for Production.

2. The defendant objected to said Request to Enter and Requests for Production, which the Court sustained.

3. The defendant did not object to said FRCP 30(b)(6) deposition

ORAL ARGUMENT IS NOT REQUESTED
TESTIMONY NOT REQUIRED

1

and, indeed, has been trying to set it up. But, because of the defendant's change of counsel, the defendant's scheduling conflicts as well as those of counsel, said FRCP 30(b)(6) deposition is now scheduled for April 26, 2005 at said "Sixty State Street".

4. Completing said FRCP 30(b)(6) deposition prior to responding to the defendant's Motion for Summary Judgment is essential thereto

THE PLAINTIFF,

BY /s/ Eddi Z. Zyko
EDDI Z. ZYKO, ESQUIRE
120 FENN ROAD
MIDDLEBURY, CT 06762
CT JURIS NO. 71655
FEDERAL BAR NO. CT-14172
TEL NO: 203-758-8119
FAX NO: 203-598-7994

## ORDER

The foregoing Motion, having been heard/ reviewed, it is Ordered that the plaintiff shall respond to the defendant's Motion for Summary Judgment dated February 28, 2005 on or before June 1, 2005.

Done at Hartford, Connecticut on

ROBERT N. CHATIGNY
UNITED STATES DISTRICT JUDGE

## CERTIFICATION OF SERVICE

I hereby certify that on April 14, 2005 a copy of the foregoing was mailed first class, postage prepaid to the counsel for the defendants: Morrison, Mahoney & Miller, One Constitution Plaza, 10th Floor, Hartford, CT 06103.

/s/ Eddi Z. Zyko
EDDI Z. ZYKO, ESQUIRE

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROSEMARY A. HUGHES,<br><br>　　Plaintiff,<br><br>V.<br><br>EQUITY OFFICE PROPERTIES TRUST,<br><br>　　Defendant. | CIVIL ACTION:<br>3:02-cv-2177 (RNC)<br><br>September 3, 2004<br><br>JURY TRIAL REQUESTED |

**NOTICE OF VIDEO DEPOSITION OF DEFENDANT, EQUITY OFFICE PROPERTIES TRUST**

　　**PLEASE TAKE NOTE** pursuant to FRCP 30(b)(6), the plaintiff in the above-entitled matter will take the video deposition of the most knowledgeable person(s) of the defendant, EQUITY OFFICE PROPERTIES TRUST (deponent[s]), at 10:00 A.M., October 11, 2004 at the office of EDDI Z. ZYKO, ESQUIRE, 120 FENN ROAD, MIDDLEBURY, CT 06762-2515, concerning:

　　1. Photographs, film, video tape taken by the defendant, or its officers/ employees/ agents/ representatives, on December 9, 2000, and for three years prior thereto as well as to the present, of the area where plaintiff alleges in her complaint that she slipped/tripped and fell in the defendant's facilities at 60 State Street, Boston, Massachusetts 02109 (hereafter "Sixty State Street").

　　2. Blueprints, contracts, notices, lighting documents, safety documents, memoranda, notes and correspondence, which the defendant, or its officers/ employees/ agents/ representatives, had on December 9, 2000, and for three years prior thereto as well as to the present, of the area where plaintiff alleges in her complaint that she slipped/tripped and fell in the defendant's facilities at "Sixty State Street".

　　3. The surface of the platform and stairway on December 9,

1

Exhibit A

2000 where the plaintiff alleges in her complaint that she slipped/tripped and fell in the defendant's facilities at "Sixty State Street" and the specifications/ formula/ chemical analysis/ description/ warnings for it.

4. The material, if any, that, on December 9, 2000 and for five days before, was placed by defendant, and/ or its agents/ representatives/ employees/ sub-contractors, upon the platform and stairway where the plaintiff alleges in her complaint that she slipped/tripped and fell in the defendant's facilities at "Sixty State Street" and the specifications/ formula/ chemical analysis/ description/ package/ package insert/ warnings for it.

5. The planned use and safety, including traffic flow and warnings, of the platform and stairway where the plaintiff alleges in her complaint that she slipped/tripped and fell in the defendant's facilities at "Sixty State Street" on December 9, 2000 and for three years prior thereto as well as to the present.

6. The care, upkeep, maintenance, inspection, of the platform and stairway where the plaintiff alleges in her complaint that she slipped/tripped and fell in the defendant's facilities at "Sixty State Street" on December 9, 2000 and for three years prior thereto as well as to the present.

7. Management and employee training manuals/ directives/ letters/ memoranda/ policies/ instructions/ handbooks/ manuals, dealing with the safety of persons on the defendant's facilities on December 9, 2000 and for three years prior thereto as well as to the present.

8. Reports and documents taken or prepared by the defendant regarding the plaintiff's slip and fall incident on December 9, 2000 as alleged in her complaint.

9. Permits, records, reports, orders, citations and/ or documents from any agency of the federal, state and local government, dealing with the safety of persons on the defendant's facilities on December 9, 2000 and for three years prior thereto.

10. Records, reports, orders, citations and/ or documents from any non-governmental entity/ agency, dealing with the safety of persons on the defendant's facilities on December 9, 2000 and for three years prior thereto.

11. Records, reports, orders, citations and/ or documents of any trip/ slip and fall on the defendant's facilities on December 9, 2000 and for three years prior thereto.

12. Industry standards relied upon by the defendant, dealing

2

with the safety of persons on the defendant's facilities on December 9, 2000 and for three years prior thereto.

13. Defendant's Agreement(s), including any changes/modifications thereto, with the Third Party Defendants in this case for the use of its facilities at "Sixty State Street".

14. Defendant's Insurance coverage for its facilities at "Sixty State Street" on December 9, 2000 and for three years prior thereto.

15. The people who were present where the plaintiff alleges in her complaint that she slipped/tripped and fell in the defendant's facilities at "Sixty State Street" on December 9, 2000.

16. Any instruction and/ or operation manual procedures, concerning the reporting of injuries on defendant's facilities on December 9, 2000.

17. Defendant's document retention policy.

18. Defendant's procedure(s) for tenants, including its "60 State Street Tenant Manual", on December 9, 2000 and for three years prior thereto as well as to the present.

19. Day to day contacts, that relate to the platform and stairway where the plaintiff alleges in her complaint that she slipped/tripped and fell in the defendant's facilities at "Sixty State Street" on December 9, 2000 and for three years prior thereto as well as to the present.

20. Complaints that relate to the platform and stairway where the plaintiff alleges in her complaint that she slipped/tripped and fell in the defendant's facilities at "Sixty State Street" on December 9, 2000 and for three years prior thereto.

21. The stair railing of the platform and stairway on December 9, 2000 where the plaintiff alleges in her complaint that she slipped/tripped and fell in the defendant's facilities at "Sixty State Street" and the specifications/ formula/ chemical analysis/ description/ warnings for it.

The deposition will continue from day to day until completed. The deposition will be taken before a videoagrapher and court reporter certified in the State of Connecticut or other competent authority.

AND, said deponent(s) is/are further commanded to bring and have with him/ her/them at said time and place any record/document, pursuant to the Definitions and Instructions be-

low, defined related to Paragraphs 1-21 above.

**DEFINITIONS** - "Record" and "document" refers to the use of the word "record" and "document" in their broadest sense to include originals, copies, or reproductions of any types, recorded, printed, or documentary material including correspondence, communications, memoranda, E-Mail, or any part of any record-keeping process, including minutes of meetings and notes of telephone conversations and every other means of recording, communicating, or representing.

**INSTRUCTIONS** - All of the information in your possession and all information available to you is requested in response to this subpoena including not just that information known to you personally, but all information that is available by reason of inquiry to your, current and former, employers, employees, officers, agents, and representatives.

```
                                    THE PLAINTIFF,

                                 BY  Eddi Z. Zyko
                                    EDDI Z. ZYKO, ESQUIRE
                                    120 FENN ROAD
                                    MIDDLEBURY, CT  06762
                                    CT. JURIS NO: 71655
                                    FEDERAL BAR NO. CT-14172
                                    TEL NO: 203-758-8119
                                    FAX NO: 203-598-7994
```

### CERTIFICATION OF SERVICE

I hereby certify that on September 3, 2004 a copy of the foregoing was mailed first class, postage prepaid in accordance with the Practice Book to the counsel for the defendant, Kimberly J. Tibbetts, Esquire, Carmody & Torrance LLP, 195 Church Street, P.O. Box 1950, New Haven, Connecticut 06509-1950 and via FAX at 203-784-3199 as well as the counsel for the third party defendants, Bai, Pollock, Blueweiss & Mulchahy, PC, 10 Middle Street, Bridgeport, Connecticut 06604.

                                    Eddi Z. Zyko
                                    EDDI Z. ZYKO, ESQUIRE

**HP Officejet V Series V40xi**
**Personal Printer/Fax/Copier/Scanner**

Log for
Eddi Z. Zyko, Esquire
(203)598-7994
Sep 03 2004 1:31PM

**Last Transaction**

| Date | Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|
| Sep 3 | 1:29PM | Fax Sent | 2037843199 | 2:00 | 4 | OK |

FILED

2005 APR 15 A 10: 06

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
DISTRICT COURT HARTFORD CT

| | |
|---|---|
| ROSEMARY A. HUGHES | CIVIL ACTION: |
| Plaintiff, | 3:02-cv-2177 (RNC) |
| V. | April 14, 2005 |
| EQUITY OFFICE PROPERTIES TRUST | |
| Defendant. | JURY TRIAL REQUESTED |

**NOTICE OF MANUAL FILING OF MOTION TO FURTHER ENLARGE TIME**

Please take note that the plaintiff manually filed her motion to enlarge the time thru June 1, 2005 for her to respond to the defendant's Motion for Summary Judgment. This document has not been filed electronically, because the plaintiff does not have the capability to so do. Said document has been manually served on the defendant.

THE PLAINTIFF,

BY _[signature]_
EDDI Z. ZYKO, ESQUIRE
120 FENN ROAD
MIDDLEBURY, CT 06762
CT JURIS NO. 71655
FEDERAL BAR NO. CT-14172
TEL NO: 203-758-8119
FAX NO: 203-598-7994

**CERTIFICATION OF SERVICE**

I hereby certify that on April 14, 2005 a copy of the foregoing was mailed first class, postage prepaid to the counsel for the defendants: Morrison, Mahoney & Miller, One Constitution Plaza, 10th Floor, Hartford, CT 06103.

_[signature]_
EDDI Z. ZYKO, ESQUIRE