UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 MAY -5  A 11: 02

| | |
|---|---|
| ROSEMARY A. HUGHES | CIVIL ACTION: 3:02-cv-2177 (RNC) |
| Plaintiff, | |
| V. | May 4, 2005 |
| EQUITY OFFICE PROPERTIES TRUST | JURY TRIAL REQUESTED |
| Defendant. | |

**PLAINTIFFS' MOTION TO COMPEL DESIGNATION UNDER RULE 30(B)(6) AND TO FURTHER ENLARGE THE TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

### I. INTRODUCTION

The plaintiff hereby moves the Court to compel designation under Rule 30(b)(6) and to further enlarge the time for her to respond to the defendant's Motion for Summary Judgment dated February 28 2005.

### II. BACKGROUND

1. On September 3, 2004, the plaintiff served on the defendant a Notice of a FRCP 30(b)(6) deposition of the defendant, a copy of which is Exhibit A hereto.

2. The defendant did not object to said FRCP 30(b)(6) deposition and, indeed, has

ORAL ARGUMENT IS NOT REQUESTED
TESTIMONY NOT REQUIRED

1

been trying to set it up. But, because of the defendant's change of counsel, the defendant's scheduling conflicts as well as those of counsel, said FRCP 30(b)(6) deposition was scheduled for April 26, 2005 at said "Sixty State Street".

3. On April 22, 2005, the undersigned counsel for the plaintiff received the following facsimile (a copy of which is Exhibit B hereto) from Attorney Darren E. Sinofsky, assigned defendant's counsel:

> As you know, our previously designated representative in response to your Rule 30(b)(6) Notice of Deposition, Maria Quinn, I just learned is no longer employed by EOP. Therefore, we cannot go forward with the deposition on April 26, 2005. I will inform you once a new designee is designated and available. Thanks.

4. Since then, the undersigned :

    a. Received the court's Order on plaintiff's Motion to Further Enlarge Time dated April 14, 2005 (a copy of which is Exhibit C hereto), stating "4/25/05 Granted. No further extensions of this date will be granted. so ordered."

    b. Spoke by phone twice with Attorney Sinofsky about the defendant promptly -- particularly, in light of said Order -- providing another designated representative in response to plaintiff's said Rule 30(b)(6) Notice of Deposition;

    c. Made some five or six other phone calls to Attorney Sinofsky, who was not available or did not return said calls as the undersigned requested;

    d. On this past Monday, May 2, 2005, the undersigned phoned Attorney Sinofsky and, being unavailable again, left a message on his voice mail that, if plaintiff had not received said designation by noon of this date -- two weeks after Attorney Sinofsky's said facsimile -- this motion would be filed today.

    e. Having received no communication from Attorney Sinofsky as aforesaid requested, plaintiff is forced to file this motion.

### III. CAUSE OF REFUSING TO MAKE DESIGNATION UNDER RULE 30(b)(6)

The defendant has stopped cooperating with plaintiff on said Rule 30(b)(6) deposition, after the court's said Order of April 25, 2005. Apparently, it expects to "run out the clock" so that it will not have to undergo said Rule 30(b)(6) deposition to which it had not objected and so plaintiff would not be able to properly respond to its said Motion for Summary Judgment. This the court should not allow.

### IV. IMPORTANCE OF THE RULE 30(b)(6) DEPOSITION

A. Defendant's Motion for Summary Judgment relies upon statute of limitations and substantive grounds. Discussing each in turn, we see that:

1. Tolling of limitations period during pendency of in forma pauperis motion, even when federal government is defendant, allows 28 USCS § 1915 and Federal Rules of Civil Procedure, Rule 15(c) to operate harmoniously; since delay in District Court deciding whether to grant motion could easily consume limitations period making impracticable filing of in forma pauperis petitions, once plaintiff has filed complaint and petition to proceed in forma pauperis within limitations period, the period is tolled for purposes of Rule 15(c) to allow service of summons and complaint at later direction of District Court. See *Paulk v Department of Air Force* (1987, CA7 Ill) 830 F2d 79, 44 BNA FEP Cas 1473, 44 CCH EPD P 37467, 8 FR Serv 3d 1183. Here:

   a. The limitation period ended (without benefit of the additional period that the undersigned's handing the appropriate process for service to an appropriate process server within the limitation period) on December 9, 2002.

   b. The plaintiff filed her Complaint (a file stamped copy of Page 1 thereof is Exhibit D hereto) and Motion for Leave to Proceed In Forma Pauperis Pursuant to 28 U.S.C. § 1915 (a file stamped copy of Page 1 thereof is Exhibit E hereto) on December 6, 2002.

   c. The Clerk of this Court sent notice in a letter dated December 12, 2002 of the

3

granting of the plaintiff's said Motion for Leave to Proceed In Forma Pauperis to the undersigned, which contained instructions pursuant to the granting of said Motion for Leave to Proceed In Forma Pauperis with which the plaintiff complied (a copy thereof is Exhibit F hereto).

As a matter of law, defendant's statute of limitations ground is without merit.

B. The remaining grounds deal with the plaintiff's three causes of action, sounding in negligence, negligence per se and violation of the covenant of good faith and fair dealing by the defendant. The defendant posits in opposition thereto that it did not exercise control over the premises and plaintiff is not a third party beneficiary to the lease. All said causes of actions and the defendant's two substantive defenses thereto are fact specific. Therefore, completing said Rule 30(b)(6) deposition prior to responding to the defendant's Motion for Summary Judgment is essential thereto. A review of plaintiff's Notice of a FRCP 30(b)(6) deposition of the defendant, a copy of which is Exhibit A hereto, manifests that the defendant, itself, may very well make -- or, at the very least, the plaintiff should be permitted to proceed with said unobjected to Rule 30(b)(6) deposition to find out --admissions and produce documents that give the lie to defendants arguments that it did not exercise control over the premises and plaintiff is not a third party beneficiary to the lease as well as properly prepare plaintiff for the settlement or trial of this case.

Wherefore, the plaintiff moves for an order to:

1. Make its Rule 30(b)(6) designation in lieu of said Maria Quinn and produce him/her for its deposition in accordance with the plaintiff's said Notice of a FRCP 30(b)(6) deposition of the defendant, a copy of which is Exhibit A hereto, thirty days herefrom, on June 8, 2005, and to further enlarge the time thru July 1, 2005 for the plaintiff to respond to the defendant's Motion for Summary Judgment dated February 28 2005..

4

THE PLAINTIFF,


BY *[signature: Eddi Z. Zyko]*
EDDI Z. ZYKO, ESQUIRE
120 FENN ROAD
MIDDLEBURY, CT 06762
CT JURIS NO. 71655
FEDERAL BAR NO. CT-14172
TEL NO: 203-758-8119
FAX NO: 203-598-7994


**ORDER**

The foregoing Motion, having been heard/ reviewed, it is Ordered that the defendant shall make its Rule 30(b)(6) designation in lieu of said Maria Quinn and produce him/her for its deposition in accordance with the plaintiff's said Notice of a FRCP 30(b)(6) deposition of the defendant, a copy of which is Exhibit A hereto, thirty days herefrom, on June 8, 2005, and to further enlarge the time thru July 1, 2005 for the plaintiff to respond to the defendant's Motion for Summary Judgment dated February 28 2005..

Done at Hartford, Connecticut on


---
ROBERT N. CHATIGNY
UNITED STATES DISTRICT JUDGE


**CERTIFICATION OF SERVICE**

I hereby certify that on May 4, 2005 a copy of the foregoing was mailed first class, postage prepaid to the counsel for the defendants: Morrison, Mahoney & Miller, One Constitution Plaza, 10th Floor, Hartford, CT 06103.

*[signature: Eddi Z. Zyko]*
EDDI Z. ZYKO, ESQUIRE

5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROSEMARY A. HUGHES, | CIVIL ACTION: |
| | 3:02-cv-2177 (RNC) |
| Plaintiff, | |
| | |
| V. | September 3, 2004 |
| | |
| EQUITY OFFICE PROPERTIES TRUST, | |
| | JURY TRIAL REQUESTED |
| Defendant. | |

**NOTICE OF VIDEO DEPOSITION OF DEFENDANT, EQUITY OFFICE PROPERTIES TRUST**

**PLEASE TAKE NOTE** pursuant to FRCP 30(b)(6), the plaintiff in the above-entitled matter will take the video deposition of the most knowledgeable person(s) of the defendant, EQUITY OFFICE PROPERTIES TRUST (deponent[s]), at 10:00 A.M., October 11, 2004 at the office of EDDI Z. ZYKO, ESQUIRE, 120 FENN ROAD, MIDDLEBURY, CT 06762-2515, concerning:

1. Photographs, film, video tape taken by the defendant, or its officers/ employees/ agents/ representatives, on December 9, 2000, and for three years prior thereto as well as to the present, of the area where plaintiff alleges in her complaint that she slipped/tripped and fell in the defendant's facilities at 60 State Street, Boston, Massachusetts 02109 (hereafter "Sixty State Street").

2. Blueprints, contracts, notices, lighting documents, safety documents, memoranda, notes and correspondence, which the defendant, or its officers/ employees/ agents/ representatives, had on December 9, 2000, and for three years prior thereto as well as to the present, of the area where plaintiff alleges in her complaint that she slipped/tripped and fell in the defendant's facilities at "Sixty State Street".

3. The surface of the platform and stairway on December 9,

1

Exhibit A

2000 where the plaintiff alleges in her complaint that she slipped/tripped and fell in the defendant's facilities at "Sixty State Street" and the specifications/ formula/ chemical analysis/ description/ warnings for it.

4. The material, if any, that, on December 9, 2000 and for five days before, was placed by defendant, and/ or its agents/ representatives/ employees/ sub-contractors, upon the platform and stairway where the plaintiff alleges in her complaint that she slipped/tripped and fell in the defendant's facilities at "Sixty State Street" and the specifications/ formula/ chemical analysis/ description/ package/ package insert/ warnings for it.

5. The planned use and safety, including traffic flow and warnings, of the platform and stairway where the plaintiff alleges in her complaint that she slipped/tripped and fell in the defendant's facilities at "Sixty State Street" on December 9, 2000 and for three years prior thereto as well as to the present.

6. The care, upkeep, maintenance, inspection, of the platform and stairway where the plaintiff alleges in her complaint that she slipped/tripped and fell in the defendant's facilities at "Sixty State Street" on December 9, 2000 and for three years prior thereto as well as to the present.

7. Management and employee training manuals/ directives/ letters/ memoranda/ policies/ instructions/ handbooks/ manuals, dealing with the safety of persons on the defendant's facilities on December 9, 2000 and for three years prior thereto as well as to the present.

8. Reports and documents taken or prepared by the defendant regarding the plaintiff's slip and fall incident on December 9, 2000 as alleged in her complaint.

9. Permits, records, reports, orders, citations and/ or documents from any agency of the federal, state and local government, dealing with the safety of persons on the defendant's facilities on December 9, 2000 and for three years prior thereto.

10. Records, reports, orders, citations and/ or documents from any non-governmental entity/ agency, dealing with the safety of persons on the defendant's facilities on December 9, 2000 and for three years prior thereto.

11. Records, reports, orders, citations and/ or documents of any trip/ slip and fall on the defendant's facilities on December 9, 2000 and for three years prior thereto.

12. Industry standards relied upon by the defendant, dealing

with the safety of persons on the defendant's facilities on December 9, 2000 and for three years prior thereto.

13. Defendant's Agreement(s), including any changes/ modifications thereto, with the Third Party Defendants in this case for the use of its facilities at "Sixty State Street".

14. Defendant's Insurance coverage for its facilities at "Sixty State Street" on December 9, 2000 and for three years prior thereto.

15. The people who were present where the plaintiff alleges in her complaint that she slipped/tripped and fell in the defendant's facilities at "Sixty State Street" on December 9, 2000.

16. Any instruction and/ or operation manual procedures, concerning the reporting of injuries on defendant's facilities on December 9, 2000.

17. Defendant's document retention policy.

18. Defendant's procedure(s) for tenants, including its "60 State Street Tenant Manual", on December 9, 2000 and for three years prior thereto as well as to the present.

19. Day to day contacts, that relate to the platform and stairway where the plaintiff alleges in her complaint that she slipped/tripped and fell in the defendant's facilities at "Sixty State Street" on December 9, 2000 and for three years prior thereto as well as to the present.

20. Complaints that relate to the platform and stairway where the plaintiff alleges in her complaint that she slipped/tripped and fell in the defendant's facilities at "Sixty State Street" on December 9, 2000 and for three years prior thereto.

21. The stair railing of the platform and stairway on December 9, 2000 where the plaintiff alleges in her complaint that she slipped/tripped and fell in the defendant's facilities at "Sixty State Street" and the specifications/ formula/ chemical analysis/ description/ warnings for it.

The deposition will continue from day to day until completed. The deposition will be taken before a videoagrapher and court reporter certified in the State of Connecticut or other competent authority.

AND, said deponent(s) is/are further commanded to bring and have with him/ her/them at said time and place any record/document, pursuant to the Definitions and Instructions be-

low, defined related to Paragraphs 1-21 above.

**DEFINITIONS** - "Record" and "document" refers to the use of the word "record" and "document" in their broadest sense to include originals, copies, or reproductions of any types, recorded, printed, or documentary material including correspondence, communications, memoranda, E-Mail, or any part of any record-keeping process, including minutes of meetings and notes of telephone conversations and every other means of recording, communicating, or representing.

**INSTRUCTIONS** - All of the information in your possession and all information available to you is requested in response to this subpoena including not just that information known to you personally, but all information that is available by reason of inquiry to your, current and former, employers, employees, officers, agents, and representatives.

THE PLAINTIFF,

BY _[signature]_
EDDI Z. ZYKO, ESQUIRE
120 FENN ROAD
MIDDLEBURY, CT  06762
CT. JURIS NO: 71655
FEDERAL BAR NO. CT-14172
TEL NO: 203-758-8119
FAX NO: 203-598-7994

## CERTIFICATION OF SERVICE

I hereby certify that on September 3, 2004 a copy of the foregoing was mailed first class, postage prepaid in accordance with the Practice Book to the counsel for the defendant, Kimberly J. Tibbetts, Esquire, Carmody & Torrance LLP, 195 Church Street, P.O. Box 1950, New Haven, Connecticut 06509-1950 and via FAX at 203-784-3199 as well as the counsel for the third party defendants, Bai, Pollock, Blueweiss & Mulchahy, PC, 10 Middle Street, Bridgeport, Connecticut 06604.

_[signature]_
EDDI Z. ZYKO, ESQUIRE

4

**HP Officejet V Series V40xi**
**Personal Printer/Fax/Copier/Scanner**

Log for
Eddi Z. Zyko, Esquire
(203)598-7994
Sep 03 2004 1:31PM

## Last Transaction

| Date  | Time    | Type     | Identification | Duration | Pages | Result |
|-------|---------|----------|----------------|----------|-------|--------|
| Sep 3 | 1:29PM  | Fax Sent | 2037843199     | 2:00     | 4     | OK     |

# MORRISON MAHONEY LLP

COUNSELLORS AT LAW

| 250 SUMMER STREET<br>BOSTON, MASSACHUSETTS 02210-1181<br>617-439-7500<br>FACSIMILE 617-439-7590 | ONE CONSTITUTION PLAZA, 10th FLOOR<br>HARTFORD, CONNECTICUT 06103-1810<br>860-616-4441<br>FACSIMILE: 860-244-3800 | MASSACHUSETTS<br>BOSTON<br>FALL RIVER<br>SPRINGFIELD<br>WORCESTER<br><br>RHODE ISLAND<br>PROVIDENCE | CONNECTICUT<br>HARTFORD<br>NEW YORK<br>NEW YORK<br>NEW JERSEY<br>PARSIPPANY<br>ENGLAND<br>LONDON |

## FACSIMILE TRANSMISSION SHEET

**DELIVER TO:** Eddie Zyko, Esq.

**FROM:** Darren E. Sinofsky, Esq.

**COMPANY:**

**DATE:** April 22, 2005

**FAX NUMBER:** 203-598-7994

**TOTAL NO. OF PAGES INCLUDING COVER:** 1

**FILE NUMBER:** 10016445

**IF YOU DO NOT RECEIVE ALL PAGES:**

PLEASE CALL BACK AS SOON AS POSSIBLE AT 860-616-4441  EXT. NONE

**NOTES/COMMENTS:**

As you know, our previously designated representative in response to your Rule 30(b)(6) Notice of Deposition, Maria Quinn, I just learned is no longer employed by EOP. Therefore, we cannot go forward with the deposition on April 26, 2005. I will inform you once a new designee is designated and available. Thanks.

The documents included with this facsimile transmittal sheet contain information from the law firm of MORRISON MAHONEY LLP which is confidential and/or privileged. This information is intended to be used for the use of the addressee named on this transmittal sheet. If you are not the addressee, note that any disclosure, photocopying, distribution or use of this faxed information is prohibited. If you have received this facsimile in error, please notify us by telephone (collect) immediately so that we can arrange for the retrieval of the original documents at no cost to you.

Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROSEMARY A. HUGHES : CIVIL ACTION:
: 3:02-cv-2177 (RNC)
Plaintiff, :
:
v. : April 14, 2005
:
EQUITY OFFICE PROPERTIES TRUST :
: JURY TRIAL REQUESTED
Defendant. :

**PLAINTIFFS' MOTION TO FURTHER ENLARGE THE TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The plaintiff hereby moves the Court to further enlarge the time thru June 1, 2005 for her to respond to the defendant's Motion for Summary Judgment dated February 28 2005. Attorney Darren E. Sinofsky, assigned defendant's counsel, concurs in court granting this motion.

This motion is necessitated, because:

1. On September 3, 2004, the plaintiff served on the defendant a:

   a. Notice of a FRCP 30(b)(6) deposition of the defendant, a copy of which is Exhibit a hereto.

   b. Request to Enter the premises where plaintiff's injuries occurred, 60 State Street, Boston, Massachusetts 02109 aka "Sixty State Street".

   c. Requests for Production.

2. The defendant objected to said Request to Enter and Requests for Production, which the Court sustained.

3. The defendant did not object to said FRCP 30(b)(6) deposition

ORAL ARGUMENT IS NOT REQUESTED
TESTIMONY NOT REQUIRED

1

Exhibit C

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROSEMARY A. HUGHES<br>16 MARION AVENUE<br>WATERBURY, CONNECTICUT 06708-2004,<br><br>    Plaintiff,<br><br>V.<br><br>EQUITY OFFICE PROPERTIES TRUST<br>TWO NORTH RIVERSIDE PLAZA, SUITE 2100<br>CHICAGO, ILLINOIS 60606,<br><br>    Defendant. | CIVIL ACTION<br><br><br><br><br><br>December 5, 2002<br><br>JURY TRIAL REQUESTED |

## COMPLAINT

Comes now plaintiff, Rosemary A. Hughes, and hereby files a complaint for injuries she received caused by defendant, Equity Office Properties Trust.

### A. PARTIES

1. Plaintiff, Rosemary A. Hughes, is an individual, who is a citizen of the State of Connecticut and resides at 16 Marion Avenue, Waterbury, Connecticut 06708-2004.

2. a. Defendant, Equity Office Properties Trust, is a real estate investment trust (REIT) that owns the EOP Operating Limited

1

Exhibit D

**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ROSEMARY A. HUGHES<br>16 MARION AVENUE<br>WATERBURY, CONNECTICUT 06708-2004,<br><br>    Plaintiff,<br><br>V.<br><br>EQUITY OFFICE PROPERTIES TRUST<br>TWO NORTH RIVERSIDE PLAZA, SUITE 2100<br>CHICAGO, ILLINOIS 60606,<br><br>    Defendant. | CIVIL ACTION<br><br><br><br><br><br><br>December 5, 2002 |

**MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**
**PURSUANT TO 28 U.S.C. §1915**

Plaintiff requests leave to commence this civil action without prepayment of fees, costs, or security therefor pursuant to 28 U.S.C. § 1915. In support of her request, plaintiff submits the attached financial affidavit and states that she:

(1) Is unable to pay such fees, costs, or give security therefor.
(2) Is entitled to commence this action against the defendant.
(3) Requests that the court direct the United States Marshall's Service to serve process.

PLAINTIFF,

By *Eddi Z. Zyko*
EDDI Z. ZYKO, ESQUIRE
120 FENN ROAD
MIDDLEBURY, CT 06762
CT JURIS NO. 71655
FEDERAL BAR NO. CT-14172
TEL.(203) 758-8119
FAX (203) 598-7994

Exhibit E

## UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
OFFICE OF THE CLERK
UNITED STATES COURT HOUSE
141 CHURCH STREET
NEW HAVEN, CT 06510

Kevin F. Rowe
CLERK

TEL. No. (203) 773- 2140

Victoria C. Minor
CHIEF DEPUTY CLERK

Lori Inferrera
DEPUTY IN CHARGE
HARTFOR

December 12, 2002

Eddi Z. Zyko
120 Fenn Road
Middlebury, CT 06762

Dear Mr. Zyko:

    Please be advised that your client's Motion for In Forma Pauperis has been granted. I have included a copy of the endorsement filed with the Clerk's Office and the Notice to Counsel, Order on Pretrial Deadlines and miscellaneous papers that make up the service packet. Your case number, **3:02-cv-2177 (GLG)**, has been assigned to Judge Gerard L. Goettel who presides in the Waterbury, Connecticut office. *All future filings on this case are to be filed in the New Haven seat of court.*

    I have also included USM285 Marshal form to be filled out by you. Please follow the enclosed instructions on filling out this form required for service and return everything to New Haven at:

    U.S. District Court
    141 Church Street
    New Haven, CT 06510

    Please include a copy of your client's endorsed in forma pauperis application, original complaint and the assigned judge's notice to counsel and pretrial order packets to be served along with the Waiver of Summons and Marshal forms. If you have any questions I can be reached at 203-773-2140.

                                Sincerely,
                                Kevin F. Rowe, Clerk

                                By: Rebecca Rodko
                                Deputy Clerk

*Exhibit F*

FILED

2005 MAY -5 A 11:02

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROSEMARY A. HUGHES | CIVIL ACTION: |
| Plaintiff, | 3:02-cv-2177 (RNC) |
| V. | May 4, 2005 |
| EQUITY OFFICE PROPERTIES TRUST | |
| Defendant. | **JURY TRIAL REQUESTED** |

## NOTICE OF MANUAL FILING OF MOTION TO COMPEL AND FURTHER ENLARGE TIME

Please take note that plaintiff manually filed her Motion to Compel Designation Under Rule 30(B)(6) and to Further Enlarge the Time to Respond to Defendant's Motion for Summary Judgment. This document has not been filed electronically, because the plaintiff does not have the capability to so do. Said document has been manually served on the defendant.

THE PLAINTIFF,

BY _[signature]_
EDDI Z. ZYKO, ESQUIRE
120 FENN ROAD
MIDDLEBURY, CT 06762
CT JURIS NO. 71655
FEDERAL BAR NO. CT-14172
TEL NO: 203-758-8119
FAX NO: 203-598-7994

## CERTIFICATION OF SERVICE

I hereby certify that on May 4, 2005 a copy of the foregoing was mailed first class, postage prepaid to the counsel for the defendants: Morrison, Mahoney & Miller, One Constitution Plaza, 10th Floor, Hartford, CT 06103.

_[signature]_
EDDI Z. ZYKO, ESQUIRE