UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROSEMARY A. HUGHES | : | Case No.: 3:02CV-02177 (RNC) |
| Plaintiff | : | |
| v. | : | |
| EQUITY OFFICE PROPERTIES TRUST | : | MAY 13, 2005 |
| Defendant | | |

**OBJECTION TO PLAINTIFF'S MOTION TO COMPEL**

**I.   INTRODUCTION**

To the extent that the Plaintiff blames her failure to conduct its Rule 30(b)(6) deposition on the actions of the Defendant, the Defendant hereby objects. Furthermore, the defendant contends this motion is moot because the parties have reached an agreement as to the deposition of defendant's designee, Kathy LaShoto, which is scheduled to take place on May 18, 2005 at 1:00 p.m.

**II.   BACKGROUND**

On, or about, November 12, 2004, Morrison Mahoney LLP became involved as defense counsel in this action. On November 18, 2004, Attorney Sinofsky, counsel for the Defendant, spoke with Attorney Zyko, counsel for the Plaintiff and, *inter alia*, requested a copy of the Rule 30(b)(6) deposition notice at issue as there was none in the file. Attorney Sinofsky requested a copy of the deposition notice a second time by way of letter dated December 23, 2004. (See

1

Exhibit A).   Since that time, and as the file makes clear, the schedule of Attorney Zyko has clearly impeded the progress of proceedings.[1]

On January 27, 2005, the Plaintiff was notified that Maria Quinn, Equity Office Properties, would provide deposition testimony as designee for the Defendant.  The Plaintiff did not propose to take the deposition of Ms. Quinn until March 23 or 24, 2005 which was acceptable to the undersigned, as evidenced by correspondence dated March 7, 2005.  (See Exhibit A).  The Plaintiff did not go forward with the proposed dates, then on April 7, 2005, Plaintiff requested that the deposition be scheduled for April 26, 2005.

On April 20, 2005, the undersigned learned that Ms. Quinn is no longer employed by the Defendant.  Attorney Sinofsky immediately contacted counsel for the Plaintiff to inform him that the deposition of Ms. Quinn would no longer be possible and that the Defendant was in the process of procuring another designee to be deposed in this matter.  On May 2, 2005, Attorney Sinofsky was informed via a voice mail that, unless a new designee was disclosed by noon on May 4, 2005, Attorney Zyko would file the instant motion to compel.  On May 4, 2005, at approximately 2:41 PM, Kathy LaShoto, designee for the Defendant, was disclosed to Attorney

---

[1] Indeed, due to the schedule of Plaintiff's counsel, there have been at least two extensions for filing a response to the Motion for Summary Judgment filed by the Defendant on February 28, 2005.  And, with regard to deposition notices, on November 29, 2004, Attorney Sinofsky agreed to mark the deposition of David Cowen, expected to provide expert testimony on behalf of the Plaintiff, off until a mutually agreeable time beyond the scheduling orders provided by the court.

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

Zyko via facsimile. (See Exhibit A). The Plaintiff, apparently, filed the subject motion on May 4, 2005.[2]

### III.   ARGUMENT

The foregoing, therefore, completely contradicts the Plaintiff's assertions that the Defendant "has stopped cooperating with plaintiff on said Rule 30(b)(6) deposition" and "expects to run out the clock so that it will not have to undergo said Rule 30(b)(6) deposition." Furthermore, it is the position of the Defendant that such statements unfairly characterize the Defendant's conduct given that (1) had the Plaintiff been as diligent in his efforts to depose Ms. Quinn as he claims, the deposition would already have been conducted and (2) the chain of events precipitating this motion, specifically, the unexpected event of Maria Quinn terminating her relationship with Equity Office Properties and obvious necessity to a locate a suitable replacement on short notice, can hardly be construed as a failure to cooperate or an intent to avoid the subject deposition. Rather, because (1) the Plaintiff, in essence, claims that the Defendant has intentionally prevented her from gaining the information necessary to file an objection to the Summary Judgment Motion and (2) asks for an enlargement of time thru July 1, 2005, it appears that this Motion to Compel is actually an end-run around the April 25, 2005 order of the Court indicating that a third enlargement of time to file a response to the Motion for Summary Judgment will not be granted.

### IV.   CONCLUSION

---

[2] On May 5, 2005, counsel for the Plaintiff was approached with possible dates on which the deposition of Ms. LaShoto could go forward. (See Exhibit A). However, the proposed week of May 23, 2005 was rejected as he will be overseas at that time.

3

For the foregoing reasons, the Defendant respectfully requests that the motion to compel be denied.

THE DEFENDANT,
EQUITY OFFICE PROPERTIES TRUST


BY: /s/ Darren E. Sinofsky
Darren E. Sinofsky, Esquire
Federal Bar No.: ct 21118
Morrison Mahoney LLP
One Constitution Plaza, 10th floor
Hartford, CT 06103
Telephone: (860) 616-4441
Fax: (860) 244-3800

## CERTIFICATION

I hereby certify that a copy of the foregoing document was filed electronically on this 13th of May 2005 and was served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable accept electronic filing. Parties may access this filing through the Court's system. In particular, notice will be served by mail to:

Eddi Z. Zyko, Esq.
120 Fenn Road
Middlebury, CT 06762

/s/ Darren E. Sinofsky
Darren E. Sinofsky

4