**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ROSEMARY A. HUGHES<br><br>Plaintiff,<br><br>V.<br><br>EQUITY OFFICE PROPERTIES TRUST<br><br>Defendant. | : | CIVIL ACTION:<br>3:02-cv-2177 (RNC)<br><br>May 24, 2005<br><br>JURY TRIAL REQUESTED |

**PLAINTIFF'S LOCAL RULE 9(c)2 STATEMENT**

**I. RESPONSE TO DEFENDANT'S LOCAL RULE 9(c)1 STATEMENT**

1. Admit.

2. Deny. The plaintiff filed her Complaint (a file stamped copy of Page 1 thereof is Exhibit A hereto) and Motion for Leave to Proceed In Forma Pauperis Pursuant to 28 U.S.C. § 1915 (a file stamped copy of Page 1 thereof is Exhibit B hereto) on December 6, 2002. The Clerk of this Court sent notice in a letter dated December 12, 2002 of the granting of the plaintiff's said Motion for Leave to Proceed In Forma Pauperis to the undersigned, which contained instructions pursuant to the granting of said Motion for Leave to Proceed In Forma Pauperis with which the plaintiff complied (a copy thereof is Exhibit C hereto).

3. Admit. Service was made by the United States Marshall service as required by law and said Clerk of this Court's letter dated December 12, 2002 (a copy thereof is Exhibit C hereto).

4. Admit in part and deny in part. Article 4.1.5 of the "Lease Agreement" states:

> 4.1.5 that Tenant on paying the rent and performing the tenant obligations in this lease shall peacefully and quietly have, hold and enjoy the Premises, subject to all the terms and provisions hereof.

5. Deny. Article 3.4 of the "Lease Agreement" states in pertinent part:

> All construction work required or permitted by this Lease shall be done in a good and workmanlike manner and in compliance with all lawful ordinances, regulations and governmental authority and insurers of the building....

This is an acknowledgment of the defendant's preexisting, non-delegable legal duty imposed by "... lawful ordinances, regulations and governmental authority...." to ensure the plaintiff's safety while in its building. The applicable law of the Commonwealth of Massachusetts (a copy thereof is at Exhibit D hereto) is as follows:

> **780 CM: STATE BOARD OF BUILDING REGULATIONS AND STANDARDS**
>
> **780 CM 2.00 DEFINITIONS**
>
> **Owner:** Every person who alone or jointly or severally with others (a) has legal title to any building or structure; or (b) has care, charge, or control of any building or structure in any capacity including but not limited to agent, executor, executrix, administrator, administratrix, trustee or guardian of the estate of the holder of legal title; or (c) lessee under a written letter

agreement; or (d) mortgagee in possession; or (e) agent, trustee or other person appointed by the courts. Each such person is bound to comply with the provisions of 780 CM. (emphasis added)

**Person:** Includes a corporation, firm, partnership, association, organization any any other group acting as a unit as well as individuals. It shall also include an executor, administrator, trustee, receiver or other representative appointed according to law. Whenever the word "person" is used in any section of 780 CM prescribing a penalty or fine, as to partnerships or associations, the word shall include the partners or members thereof, and as to corporations, shall include the officer, agent or members thereof who are responsible for any violation of such section.

**780 CM 101.0 SCOPE**

**101.0 Title:** 780 CM shall be known as the Commonwealth of Massachusetts State Building Code.

**101.2 Scope:** 780 CM, in accordance with St. 1984, c. 348, as amended shall control all matters concerning:

(a) the construction, reconstruction, alteration, repair, demolition, removal, inspection, issuance and revocation of permits or licenses, installation of equipment, classification and definition of any *building* or *structure* and use or *occupancy* of all *buildings* and *structures* or parts thereof except bridges and appurtenant supporting structures which have been or are to be constructed by, or are under the custody and control of the Department of Public Works (Massachusetts Highway Department), the Massachusetts Turnpike Authority, the Massachusetts Bay Transportation Authority, the Metropolitan District Commission, or the Massachusetts Port Authority or for which said agencies have maintenance responsibility;

(b) the rehabilitation and maintenance of *existing buildings*;

(c) the standards or requirements for materials to be used in connection therewith, including but not limited to provisions for safety, ingress and egress, energy conservation and sanitary

conditions; ....

**101.4 Intent:** 780 CM shall be construed to secure its expressed intent, which is to insure public safety, health and welfare insofar as they are affected by building construction, through structural strength, adequate *means of egress* facilities, sanitary condition, light and ventilation, energy conservation and fire safety; and, in general, to secure safety to life and property from all hazards incident to the design, construction, reconstruction, alteration, repair, demolition, removal, use or *occupancy of buildings, structures or premises.*

**780 CM 102.0 APPLICABILITY**

**102.1 General**: The provisions of 780 CM shall apply to all matters affecting or relating to *buildings* and *structures*, as set forth in 780 CM 101.0 and shall apply with equal force to municipal, county, state authorities of or established by the legislature and private *buildings* and *structures*, except where such *buildings* and *structures* are otherwise provided for by statute. The construction, reconstruction, alteration, repair, addition, change in use or *occupancy,* demolition, removal of all *buildings* and *structures* shall comply with 780 CM.

**102.5 Applicability to Existing Buildings**

**102.5.1 General:** *Existing buildings and structures* shall comply with the provisions of 780 CM 102.5 and all other applicable provisions of 780 CM.

**102.5.2** Unless specifically provided otherwise in 780 CM, any *existing building* or *structure* shall meet and shall be presumed to meet the provisions of the applicable laws, codes, rules or regulations, bylaws or ordinances in effect at the time such *building* or *structure* was constructed or altered and shall be allowed to continue to be occupied pursuant to its use and *occupancy,* provided *that the* building or structure shall be maintained in accordance with 780 CM 103.0.

**102.5.3** In cases which applicable codes, rules ot regulations, bylaws or ordinances were not in use at the time of

such construction or alteration, the provisions of 780 CM 103.0 shall apply.

**102.5.4** In cases where the provisions of 780 CM are less stringent than the applicable codes, rules or regulations, bylaws or ordinances at the time of such construction or substantial alteration, the applicable provisions of 780 CM shall apply, providing such application of these provisions does not result in danger to the public, as determined by the building official.

**102.5.5** *Existing buildings* or parts or portions thereof which are proposed to be enlarged, altered, repaired or changed in use or occupancy shall comply with the provisions of 780 CM 34.

**780 CM 103.0 MAINTENANCE**

**103.1 General:** All *buildings* and *structures* and all parts thereof, both existing and new, and all systems an equipment therein which are regulated by 780 CM shall be maintained in a safe, operable and sanitary condition. All service equipment, *means of egress,* devices and safeguards which are required by 780 CM in a *building or structure*, or which were required by a previous statute in a *building or structure*, when erected, altered or repaired, shall be maintained in good working order.

**103.2 Owner responsibility:** The owner, as defined in 780 CM 2, shall be responsible for compliance with provisions of 780 CM 1.3.0.

Pursuant to the foregoing, the defendant had a preexisting, non-delegable duty to the plaintiff to ensure her safety as aforesaid at the same time Houlihan's had the same duty to the plaintiff.

6. Plaintiff admits that "Exhibits C and D of The Lease Agreement" so state, but denies that is the end of that story. See the analysis in 5 above that is

incorporated here.

7. Plaintiff admits "Article 5.2 of The Lease Agreement" so states, but denies that is the end of that story. See the analysis in 5 above that is incorporated here

8. Deny. See the analysis in 5 above that is incorporated here

9. Plaintiff admits "Article 4.1.3 of The Lease Agreement" so states, but denies that is the end of that story. See the analysis in 5 above that is incorporated here

## II. PLAINTIFF'S STATEMENT OF MATERIAL FACTS AS TO WHICH SHE CONTENDS THERE IS MATERIAL ISSUE

The material facts as to which the plaintiff contend there is material issue in the above captioned action are as follows:

1. Pursuant to the analysis in 5 above, the defendant had a preexisting, non-delegable duty to the plaintiff to ensure her safety as aforesaid at the same time Houlihan's had the same duty to the plaintiff. The allegations of her Amended Complaint delimits how the defendant breached said duty to the plaintiff. Whether or not the alleged breaches of the defendant's said duty

occurred, and the damages to the plaintiff if so, is a question of fact for the jury to determine.

2. The plaintiff is a third party beneficiary to the "Lease Agreement". Indeed, this fact is manifest from the very first page of the "Lease Agreement", which delimits in pertinent part:

> ARTICLE I, Reference Data, 1.1 Subjects referred to
>
> Each reference in this lease to any of the following subjects shall be construed to incorporate the data stated for that subject in this Article: ....
>
> PERMITTED USES: First class food and alcoholic beverage service facility
>
> PUBLIC LIABILITY INSURANCE: Bodily Injury -$500,000/$500,000
> Property Damage -- $100,000

This is reinforced by the following sections of Article V, Tenant's Covenants:

> Tenant covenants during the term and such further time as Tenant occupies any part of the Premises: ....
>
> 5.16 to open for business on the commencement of the Term and to remain open for business from no later than !!:30 a.m. until no earlier than 9 p.m. on weekdays excluding local and legal holidays and days on which "liquor-by-the-drink" is prohibited from being sold until this lease is terminated.

Plaintiff and her three friends -- customers to whom tort liability by the defendant and Houlihan's foreseeable may arise from their being attracted onto "Sixty State Street" -- are the "business" and "public" explicitly referred to therein and intended to be covered thereby. Therefore, according to its very

terms, the plaintiff is a third party beneficiary to the "Lease Agreement", which contained an implied covenant of good faith and fair dealing by operation of the common law. The allegations of her Amended Complaint delimits how the defendant breached said implied covenant of good faith and fair dealing vis a vis the plaintiff. Whether or not the alleged breaches of the defendant's said implied covenant of good faith and fair dealing occurred, and the damages to the plaintiff if so, is a question of fact for the jury to determine.

THE PLAINTIFF,

BY [signature]

EDDI Z. ZYKO, ESQUIRE
120 FENN ROAD
MIDDLEBURY, CT 06762
CT. JURIS NO: 71655
FEDERAL BAR NO: CT-14172
TEL NO: 203-758-8119
FAX NO: 203-598-7994

**CERTIFICATION OF SERVICE**

I hereby certify that on May 324, 2005 a copy of the foregoing was mailed first class, postage prepaid to the counsel for the defendants: Morrison, Mahoney & Miller, One Constitution Plaza, 10th Floor, Hartford, CT 06103.

[signature]

EDDI Z. ZYKO, ESQUIRE

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROSEMARY A. HUGHES<br>16 MARION AVENUE<br>WATERBURY, CONNECTICUT 06708-2004,<br><br>Plaintiff,<br><br>V.<br><br>EQUITY OFFICE PROPERTIES TRUST<br>TWO NORTH RIVERSIDE PLAZA, SUITE 2100<br>CHICAGO, ILLINOIS 60606,<br><br>Defendant. | CIVIL ACTION<br><br>December 5, 2002<br><br>JURY TRIAL REQUESTED |

**COMPLAINT**

Comes now plaintiff, Rosemary A. Hughes, and hereby files a complaint for injuries she received caused by defendant, Equity Office Properties Trust.

**A.PARTIES**

1. Plaintiff, Rosemary A. Hughes, is an individual, who is a citizen of the State of Connecticut and resides at 16 Marion Avenue, Waterbury, Connecticut 06708-2004.

2. a. Defendant, Equity Office Properties Trust, is a real estate investment trust (REIT) that owns the EOP Operating Limited

Exhibit A

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROSEMARY A. HUGHES<br>16 MARION AVENUE<br>WATERBURY, CONNECTICUT 06708-2004,<br><br>Plaintiff,<br><br>V.<br><br>EQUITY OFFICE PROPERTIES TRUST<br>TWO NORTH RIVERSIDE PLAZA, SUITE 2100<br>CHICAGO, ILLINOIS 60606,<br><br>Defendant. | : | CIVIL ACTION<br><br><br><br><br><br><br>December 5, 2002 |

**MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**
**PURSUANT TO 28 U.S.C.§1915**

Plaintiff requests leave to commence this civil action without prepayment of fees, costs, or security therefor pursuant to 28 U.S.C. § 1915. In support of her request, plaintiff submits the attached financial affidavit and states that she:

(1) Is unable to pay such fees, costs, or give security therefor.

(2) Is entitled to commence this action against the defendant.

(3) Requests that the court direct the United States Marshall's Service to serve process.

PLAINTIFF,

By [signature]

EDDI Z. ZYKO, ESQUIRE
120 FENN ROAD
MIDDLEBURY, CT 06762
CT JURIS NO. 71655
FEDERAL BAR NO. CT-14172
TEL.(203) 758-8119
FAX (203) 598-7994

Exhibit ~~X~~ B

**UNITED STATES DISTRICT COURT**
DISTRICT OF CONNECTICUT
OFFICE OF THE CLERK
UNITED STATES COURT HOUSE
141 CHURCH STREET
NEW HAVEN, CT 06510

TEL. No. (203) 773-2140

Kevin F. Rowe
CLERK

Victoria C. Minor
CHIEF DEPUTY CLERK

Lori Inferrera
DEPUTY IN CHARGE
HARTFOR

December 12, 2002

Eddi Z. Zyko
120 Fenn Road
Middlebury, CT 06762

Dear Mr. Zyko:

Please be advised that your client's Motion for In Forma Pauperis has been granted. I have included a copy of the endorsement filed with the Clerk's Office and the Notice to Counsel, Order on Pretrial Deadlines and miscellaneous papers that make up the service packet. Your case number, **3:02-cv-2177 (GLG)**, has been assigned to Judge Gerard L. Goettel who presides in the Waterbury, Connecticut office. ***All future filings on this case are to be filed in the New Haven seat of court.***

I have also included USM285 Marshal form to be filled out by you. Please follow the enclosed instructions on filling out this form required for service and return everything to New Haven at:

U.S. District Court
141 Church Street
New Haven, CT 06510

Please include a copy of your client's endorsed in forma pauperis application, original complaint and the assigned judge's notice to counsel and pretrial order packets to be served along with the Waiver of Summons and Marshal forms. If you have any questions I can be reached at 203-773-2140.

Sincerely,
Kevin F. Rowe, Clerk
Rebecca Rodko
By: Rebecca Rodko
Deputy Clerk

Exhibit ~~K~~ C

May 18, 2005

Eddi Z. Zyko, Esquire
120 Fenn Road
Middlebury, CT 06762-2515
Tel: 203 758 8119
Fax: 203 598 7994

**VIA FACSIMILE**

Re: Rosemary Hughes

Dear Attorney Zyko:

Attached are portions of the 6th Edition of the Massachusetts Building Code regarding the responsibility of a building owner to maintain the building in a safe condition (Chapter 1), and the definition of "Owner" (Chapter 2).

The 6th Edition of the code has been effective since February 28, 1997.

Please call if you have any questions.

Sincerely,
Robson Forensic, Inc.

David C. Cowen, A.I.A.

Attachments: 4 pages

60 Mall Road Suite 100
Burlington, MA 01803
Phone: 617.330.7489
Toll Free: 800.813.1753
Fax: 781.229.0851
www.robsonforensic.com

Exhibit D

MAY-19-05 11:23AM FROM-Robson Forensic Boston inc. 781-359-1809 T-382 P.002/005 F-386

780: CMR: STATE BOARD OF BUILDING REGULATIONS AND STANDARDS

780 CMR 2.00

DEFINITIONS

*one- and two-story dwellings, barns, sheds, agricultural and accessory buildings and other structures when permitted by 780 CMR R4.*

**Nominal dimension**
**Lumber**: See 780 CMR 2302.0.

**Noncombustible**: This is a general, relative term. Its precise meaning is defined in 780 CMR for specific applications.

**Noncombustible building material**: See 780 CMR 704.4.1.1

**Occupancy**: The purpose for which a building or portion thereof is used.

**Occupancy, change of**: A change in the purpose or level of activity within a structure that involves a change in application of the requirements of 780 CMR.

**Occupant load**: See 780 CMR 1002.0.

**Occupiable space**: See 780 CMR 1202.0.

**Occupied**: As applied to a building, shall be construed as though followed by the words "or intended, arranged or designed to be occupied."

***Official Interpretation:*** *A written interpretation of any provision of 780 CMR, or to its referenced standards listed in Appendix A, except specialized codes, made by the BBRS, under authority of M.G.L. c. 143, § 94(e), or by the State Building Code Appeals Board under authority of M.G.L. c. 143, § 100.*

**Open system**: See 780 CMR 307.2.

**Organic peroxide**: See 780 CMR 307.2.

**Oriel window**: See 780 CMR 3203.2.

**Owner**: *Every person who alone or jointly or severally with others (a) has legal title to any building or structure; or (b) has care, charge, or control of any building or structure in any capacity including but not limited to agent, executor, executrix, administrator, administratrix, trustee or guardian of the estate of the holder of legal title; or (c) lessee under a written letter agreement; or (d) mortgagee in possession; or (e) agent, trustee or other person appointed by the courts. Each such person is bound to comply with the provisions of 780 CMR.*

**Oxidizer**: See 780 CMR 307.2.

**P-Delta effect**: See 780 CMR 1612.3.

**Panel (part of a structure)**: See 780 CMR 1602.0.
**Particleboard**: See 780 CMR 2302.1.

**Penthouse**: See 780 CMR 1502.1.

**Permit**: An official document or certificate issued by the authority having jurisdiction which authorizes performance of a specified activity (see 780 CMR 111.1).

**Person**: Includes a corporation, firm, partnership, association, organization and any other group acting as a unit as well as individuals. It shall also include an executor, administrator, trustee, receiver or other representative appointed according to law. Whenever the word "person" is used in any section of 780 CMR prescribing a penalty or fine, as to partnerships or associations, the word shall include the partners or members thereof, and as to corporations, shall include the officer, agent or members thereof who are responsible for any violation of such section.

**Physical hazard**: See 780 CMR 307.2.

**Physically disabled person**: See 780 CMR 11.

***Place of assembly:*** *A room or space accommodating 50 or more individuals for religious, recreational, educational, political, social or amusement purposes, or for the consumption of food*

11/27/98 780 CMR - Sixth Edition 43

# CHAPTER 1

## ADMINISTRATION

***(Substantial portions of this Chapter are entirely unique to Massachusetts)***

### 780 CMR 101.0 SCOPE

**101.1 Title**: 780 CMR shall be known as the Commonwealth of Massachusetts State Building Code.

**101.2 Scope**: 780 CMR, in accordance with St. 1984, c. 348, as amended shall control all matters concerning;

(a) the construction, reconstruction, alteration, repair, demolition, removal, inspection, issuance and revocation of permits or licenses, installation of equipment, classification and definition of any *building* or *structure* and use or *occupancy* of all *buildings* and *structures* or parts thereof except bridges and appurtenant supporting structures which have been or are to be constructed by, or are under the custody and control of the Department of Public Works (Massachusetts Highway Department), the Massachusetts Turnpike Authority, the Massachusetts Bay Transportation Authority, the Metropolitan District Commission, or the Massachusetts Port Authority or for which said agencies have maintenance responsibility;

(b) the rehabilitation and maintenance of *existing buildings*;

(c) the standards or requirements for materials to be used in connection therewith, including but not limited to provisions for safety, ingress and egress, energy conservation and sanitary conditions;

(d) the establishment of reasonable fees for inspections and the issuance of licenses to individuals engaged as construction supervisors;

(e) the certification of inspectors of buildings, building commissioners and local inspectors and;

(f) the registration of Home Improvement Contractors pursuant to MGL c 142A, except as such matters are otherwise provided for in the Massachusetts General Laws Annotated, or in the rules and regulations authorized for promulgation under the provisions of 780 CMR.

(g) other duties and responsibilities as defined in 780 CMR R1 through R7.

**101.3 Application of references**: Unless otherwise specifically provided for in 780 CMR, all references to chapter or section numbers, or to provisions not specifically identified by number, shall be construed to refer to such chapter, section or provision of 780 CMR.

**101.4 Intent**: 780 CMR shall be construed to secure its expressed intent, which is to insure public safety, health and welfare insofar as they are affected by building construction, through structural strength, adequate *means of egress* facilities, sanitary conditions, light and ventilation, energy conservation and fire safety; and, in general, to secure safety to life and property from all hazards incident to the design, construction, reconstruction, alteration, repair, demolition, removal, use or *occupancy* of *buildings*, *structures* or *premises*.

**101.5 Specialized Codes**: Specialized codes, rules or regulations pertaining to building construction, reconstruction, alteration, repair or demolition, promulgated, and under the authority of the various boards which have been authorized by the general court shall be incorporated into 780 CMR. The said specialized codes, rules or regulations include, but are not limited to, those listed in *Appendix A*.

**101.6 Referenced standards**: The standards referenced in 780 CMR and listed in *Appendix A* shall be considered part of the requirements of 780 CMR to the prescribed extent of each such reference. Where differences occur between provisions of 780 CMR and referenced standards, the provisions of 780 CMR shall apply. The administrative provisions of 780 CMR shall apply to all standards referenced in *Appendix A*, other than the specialized codes in 780 CMR 101.5.

### 780 CMR 102.0 APPLICABILITY

**102.1 General**: The provisions of 780 CMR shall apply to all matters affecting or relating to *buildings*

and *structures*, as set forth in 780 CMR 101.0 and shall apply with equal force to municipal, county, state authorities of or established by the legislature and private *buildings* and *structures*, except where such *buildings* and *structures* are otherwise provided for by statute. The construction, reconstruction, alteration, repair, addition, change in use or *occupancy*, demolition, removal of all *buildings* and *structures* shall comply with 780 CMR.

**102.2 Matters not provided for**: Any requirements that are essential for the structural, fire or sanitary safety, interior climate comfort of an existing or proposed *building* or *structure*, or for the safety of the occupants thereof, which are not specifically provided for by 780 CMR, shall be determined by the building official. The State Board of Building Regulations and Standards (hereinafter referred to as the BBRS) and the Department of Public Safety shall be notified by the building official in writing within seven working days of any action taken pursuant to 780 CMR 102.2.

**102.3 Zoning Bylaw Restrictions**: When the provisions herein specified for structural strength, adequate egress facilities, sanitary conditions, equipment, light and ventilation, energy conservation or fire safety conflict with the local zoning bylaws or ordinances, 780 CMR shall control the construction or *alteration* of *buildings* and *structures* unless such bylaws or ordinances are promulgated in accordance with the provisions of M.G.L. c. 143, § 98.

**102.4 General bylaw restrictions**: When the provisions herein specified for structural strength, adequate egress facilities, sanitary conditions, equipment, light and ventilation, energy conservation or fire safety conflict with the local general bylaws or ordinances, 780 CMR shall control the construction or *alteration* of *buildings* and *structures* unless such bylaws or ordinances are promulgated in accordance with the provisions M.G.L. c. 143, § 98.

**102.5 Applicability to Existing Buildings**

**102.5.1 General**: *Existing buildings* and *structures* shall comply with the provisions of 780 CMR 102.5 and all other applicable provisions of 780 CMR.

**102.5.2** Unless specifically provided otherwise in 780 CMR, any *existing building* or *structure* shall meet and shall be presumed to meet the provisions of the applicable laws, codes, rules or regulations, bylaws or ordinances in effect at the time such *building* or *structure* was constructed or altered and shall be allowed to continue to be occupied pursuant to its use and *occupancy*, provided that the *building* or *structure* shall be maintained in accordance with 780 CMR 103.0.

**102.5.3** In cases which applicable codes, rules or regulations, bylaws or ordinances were not in use at the time of such construction or alteration, the provisions of 780 CMR 103.0 shall apply.

**102.5.4** In cases where the provisions of 780 CMR are less stringent than the applicable codes, rules or regulations, bylaws or ordinances at the time of such construction or substantial alteration, the applicable provisions of 780 CMR shall apply, providing such application of these provisions does not result in danger to the public, as determined by the building official.

**102.5.5** *Existing buildings* or parts or portions thereof which are proposed to be enlarged, altered, repaired or changed in use or occupancy shall comply with the provisions of 780 CMR 34.

**102.5.6 Moved Structures**: *Buildings* or *structures* moved into or within the jurisdiction shall comply with the provisions of 780 CMR 34 provided that any new system shall comply as far as practicable with the requirements for new *structures* and provided further that the siting and *fire separation distance* comply with the requirements for new *structures*.

## 780 CMR 103.0 MAINTENANCE

MAY-19-05 11:24AM FROM-Robson Forensic Boston inc. 781-359-1808 T-382 P.005/005 F-386
780 CMR: STATE BOARD OF BUILDING REGULATIONS AND STANDARDS
THE MASSACHUSETTS STATE BUILDING CODE

**103.1 General:** All *buildings* and *structures* and all parts thereof, both existing and new, and all systems and equipment therein which are regulated by 780 CMR shall be maintained in a safe, operable and sanitary condition. All service equipment, *means of egress*, devices and safeguards which are required by 780 CMR in a *building or structure*, or which were required by a previous statute in a *building* or *structure*, when erected, altered or repaired, shall be maintained in good working order.

**103.2 Owner responsibility:** The owner, as defined in 780 CMR 2, shall be responsible for compliance with provisions of 780 CMR 103.0.

## 780 CMR 104.0 VALIDITY

**104.1 General:** The provisions of 780 CMR are severable, and if any of its provisions shall be held unconstitutional or otherwise invalid by any court of competent jurisdiction, the decision of such court shall not affect or impair any of the remaining provisions.

## 780 CMR 105.0 OFFICE OF THE INSPECTOR OF BUILDINGS OR BUILDING COMMISSIONER

**105.1 Appointment:** The chief administrative officer of each city or town shall employ and designate an inspector of buildings or building commissioner (hereinafter inspector of buildings) as well as such other local inspectors as are reasonably necessary to assist the inspector of buildings to administer and enforce 780 CMR and of M.G.L. c. 22, § 13 A and the rules and regulations made under the authority thereof. The inspector of buildings shall report directly to and be solely responsible to the appointing authority.

**105.2 Alternate:** The inspector of buildings is authorized to designate an alternate who shall exercise all the powers of the inspector of buildings during the temporary absence, disability or conflict of interest of the inspector of buildings. Said alternate shall be duly qualified pursuant to 780 CMR 105.3.

**105.3 Qualifications of the Inspector of Buildings:** In accordance with the provisions of M.G.L. c. 143, § 3, each inspector of buildings shall have had at least five years of experience in the supervision of building construction or design or in the alternative a four year undergraduate degree in a field related to building construction or design, or any combination of education and experience which would confer equivalent knowledge and ability, as determined by the BBRS. In addition each inspector of buildings shall have had general knowledge of the accepted requirements for building construction, fire prevention, light, ventilation and safe egress; as well as a general knowledge of other equipment and materials essential for safety, comfort and convenience of the occupants of a *building* or *structure*.

Each inspector of buildings shall be certified by the BBRS in accordance with the provisions of 780 CMR R7, the Rules and Regulations for the Certification of Inspectors of Buildings, Building Commissioners and Local Inspectors.

Municipalities may require additional qualifications or experience as are deemed necessary.

**105.4 Qualifications of the local inspector:** In accordance with the provisions of M.G.L. c. 143, § 3, each local inspector shall have had at least five years of experience in the supervision of building construction or design or in the alternative a two year associates degree in a field related to building construction or design, or any combination of education and experience which would confer equivalent knowledge and ability, as determined by the BBRS. In addition, such persons shall have had general knowledge of the accepted requirements for building construction, fire prevention, light, ventilation and safe egress; as well as a general knowledge of other equipment and materials essential for safety, comfort and convenience of the occupants of a *building* or *structure*.

14 780 CMR - Sixth Edition 1/19/01

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ROSEMARY A. HUGHES<br><br>Plaintiff,<br>V.<br><br>EQUITY OFFICE PROPERTIES TRUST<br><br>Defendant. | CIVIL ACTION:<br>3:02-cv-2177 (RNC)<br><br>May 24, 2005<br><br>**JURY TRIAL REQUESTED** |

FILED 2005 MAY 24 A 11: 33

**NOTICE OF MANUAL FILING OF PLAINTIFF'S LOCAL RULE 9(c)2 STATEMENT IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Please take note that plaintiff manually filed and served defendant her Local Rule 9(c)2 Statement in Opposition to Defendant's Motion for Summary Judgment. This document has not been filed electronically, because the plaintiff does not have the capability to so do.

THE PLAINTIFF,

BY [signature]

EDDI Z. ZYKO, ESQUIRE
120 FENN ROAD
MIDDLEBURY, CT 06762
CT JURIS NO. 71655
FEDERAL BAR NO. CT-14172
TEL NO: 203-758-8119
FAX NO: 203-598-7994

**CERTIFICATION OF SERVICE**

I hereby certify that on May 24, 2005 a copy of the foregoing was mailed first class, postage prepaid to the counsel for the defendants: Morrison, Mahoney & Miller, One Constitution Plaza, 10th Floor, Hartford, CT 06103.

[signature]
EDDI Z. ZYKO, ESQUIRE