UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROSEMARY A. HUGHES<br><br>Plaintiff,<br><br>V.<br><br>EQUITY OFFICE PROPERTIES TRUST<br><br>Defendant. | CIVIL ACTION:<br>3:02-cv-2177 (RNC)<br><br>September 26, 2005<br><br>JURY TRIAL REQUESTED |

## PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

Pursuant to the order of Judge Chatigny at oral argument on September 19, 2005, concerning the issue of statute of limitation in this case, the plaintiff hereby files her supplemental memorandum thereupon.

### II. ARGUMENT

During said oral argument, the defendant relied upon *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466 (2d Cir. 1995) and *Goodrum v. New Haven Police Dep't*, 1996 Conn. Super. LEXIS 3155. Also, Judge Chatigny suggested from the bench that *Converse v. General Motors Corp.*, 893 F.2d 513 (2d Cir. 1990) applied. Taking these in turn, we see:

1. The applicable part of *Barrow v. Wethersfield Police Dep't*, states in full at Page 467:

> Barrow's argument on appeal is twofold. Barrow argues, first, that we should adopt the policy set forth by the Seventh Circuit in *Paulk v. Department of Air Force*, 830 F.2d 79, 82-83 (7th Cir. 1987) -- that the statute of limitations of a

1

pro se plaintiff's claim is tolled during the pendency of an accompanying motion to proceed in forma pauperis under 28 U.S.C. § 1915, because in such [*468] cases the court, rather than the pro se plaintiff, is responsible for the issuance of the summons and the service of the complaint. Should we adopt the holding in Paulk, Barrow argues, the limitations period on his § 1983 claims would have been tolled from the date he filed his original complaint and motion under § 1915(a) -- August 15, 1990 -- to the date on which the Town and the Police Department were served pursuant to the district court's order with the complaint listing the "John Doe" officers -- August 7, 1991.

Barrow concedes that even if the limitations period were thusly tolled, his amended complaint identifying the individual police officers by name was filed outside the limitations period. He argues, however, secondly, that the amended complaint relates back under Fed. R. Civ. P. 15(c)(3) to the complaint naming the "John Doe" officers which was served on the Town and the Police Department and, therefore, was timely. Because we cannot agree with Barrow's reading of Rule 15(c)(3), we need not address his tolling argument.

First, in *Barrow v. Wethersfield Police Dep't*, Barrow's "... amended complaint identifying the individual police officers by name was filed outside the limitations period." Ibid. Therefore, *Barrow v. Wethersfield Police Dep't* is factually, and decisively so, different from this case wherein, as noted at Page 4 of Plaintiff's Memorandum In Opposition To Defendant's Motion For Summary Judgment filed on May 24, 2005, '[t]he plaintiff filed her Complaint (a file stamped copy of Page 1 thereof is Exhibit A hereto [omitted here]) and Motion for Leave to Proceed In Forma Pauperis Pursuant to 28 U.S.C. § 1915 (a file stamped copy of Page 1 thereof is Exhibit B hereto [omitted here]) on December 6, 2002, which was inside the statute of limitations period.

Second, contrary to the defendant's assertions at said oral argument, the Second Circuit did not decide the issue in favor of the defendant. Rather, it stated: "[b]ecause we cannot agree with Barrow's reading of Rule 15(c)(3), *we need not address his tolling argument.*" (emphasis added)

> 2. The applicable part of *Goodrum v. New Haven Police Dep't* states in full at Page 1:
>
> ... The plaintiff, who is in the custody of the commissioner of correction, filed an application for waiver of costs and fees in connection with his intention to file this case on December 20, 1994. The court, Licari, J., granted the fee waiver

2

application on January 20, 1995. The plaintiff thereafter promptly made arrangements for a sheriff to make service,....

It [*2] is undisputed that service upon these two defendants was not made until more than three years after the date of the act complained of. It is also undisputed that the plaintiff, more than twenty days in advance of the date upon which the statute of limitations was to run, made an effort to have this court waive fees and costs so that he could bring this action in forma pauperis, but that the fee waiver was not granted until ten days after the statute of limitations had run. The question raised by the instant motion for summary judgment is, therefore, whether there should be any exception to the general rule in a case where a person makes a timely application for a fee waiver but, when the waiver is eventually granted, the statute of limitations has already run.

It has long been the law in this state that an action is deemed to be commenced on the date on which service is made upon the defendant. *Rana v. Ritacco*, 236 Conn. 330, 337, 672 A.2d 946 (1996). An exception to this rule may be found in General Statutes 52-593a, which provides that "a cause or right of action shall not be lost because of the passage of time limited by law within which the action may be brought, if the [*3] process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery." This court has been unable to find any other applicable exception which might save this plaintiff's cause of action.

First, respectfully, *Goodrum v. New Haven Police Dep't* is, but a trial court opinion. Indeed, according to the undersigned's Lexis search, no other Connecticut trial or appellate court opinion like it exists. Moreover, particularly since it has not been adopted as a rule by the Supreme Court of Connecticut, the highest court of the State of Connecticut, it should not be accepted as the law of the State of Connecticut, pursuant to *West v. American Tel. & Tel. Co.*, 311 U.S. 223 that:

> True, as was intimated in the *Erie Railroad* case, the highest court of the state is the final arbiter of what is state law. When it has spoken, its pronouncement is to be accepted by federal courts as defining state law unless it has later given clear and persuasive indication that its pronouncement will be modified, limited or restricted.

Second, in *Goodrum v. New Haven Police Dep't*, "[t]he plaintiff thereafter promptly made arrangements for a sheriff to make service,...." Ibid., as is required by the law and

3

practice of the State of Connecticut. This State of Connecticut rule is in direct conflict with the federal rule, F.R.C.P. 4(c)(2), which states in pertinent part:

> At the request of the plaintiff, however, the court may direct that service be effected by a United States marshall, deputy United States marshall, or other person or officer specially appointed by the court for that purpose. Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. §1915....

And, 28 U.S.C. §1915 states in pertinent part: "(d) The officers of the court shall issue and serve all process, and perform all duties in such cases." Moreover, the Notes of Advisory Committee on 1993 amendments states in pertinent part:

> The court remains obligated to appoint a marshal, a deputy, or some other person to effect service of a summons in two classes of cases specified by statute: actions brought in forma pauperis or by a seaman. 28 U.S.C. §§ 1915, 1916.

Said federal rule was followed in this case, because "[s]uch an appointment *must* (emphasis added) be made (by the court) when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. §1915...." as occurred in this case.

    3. The applicable part of *Converse v. General Motors Corp.* states in full at Page 516:

> Finally, the decision in this case is consonant with the policies expressed in *Erie R.R. Co. v. Tompkins* and its progeny. "There is simply no reason why, in the absence of a controlling federal rule, an action based on state law which concededly would be barred in the state courts by the state statute of limitations should proceed through litigation to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants." *Walker*, 446 U.S. at 753.

*Walker v. Armco Steel Corp.*, 446 U.S. 740 at 753 states in pertinent part:

> ... The reasons for the application of such a state service requirement in a diversity action in the absence of a conflicting federal rule are well explained in *Erie* and *Ragan*, see *supra*, at 744-746, and need not be repeated here. It is sufficient to note that although in this case failure to apply the state service law might not create any problem of forum shopping, n15 the result would be an "inequitable administration" of the law. *Hanna v. Plumer*, 380 U.S., at 468. There is simply no reason why, in the absence of a controlling federal rule, an

4

action based on state law which concededly would be barred in the state courts by the state statute of limitations should proceed through litigation to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants. The policies underlying diversity jurisdiction do not support such a distinction between state and federal plaintiffs, and *Erie* and its progeny do not permit it.

Here, "a conflicting federal rule", which is "controlling", Id. exists. It is said F.R.C.P. 4(c)(2).

The proper interpretation of F.R.C.P. 4(c)(2), is a question of statutory construction for the court, which should be guided by well established principles of statutory interpretation. As with all issues of statutory interpretation, the court should look first to the language of the statute. In construing a statute, common sense must be used and courts must assume that a reasonable and rational result was intended. Furthermore, it is a basic tenet of statutory construction that the legislature does not intend to enact meaningless provisions. In construing statutes, the court should presume that there is a purpose behind every sentence, clause, or phrase used in an act and that no part of a statute is superfluous.

In this light, the defendant's interpretation of F.R.C.P. 4(c)(2), would render said, key portion of F.R.C.P. 4(c)(2) meaningless and is a violation of said well established principles of statutory interpretation. But, the Seventh Circuit has it right in *Paulk v. Department of Air Force*, 830 F.2d 79, 82-83 (7th Cir. 1987) wherein it opined that, since delay in District Court deciding whether to grant motion could easily consume limitations period making impracticable filing of in forma pauperis petitions, tolling of limitations period during pendency of in forma pauperis motion allows 28 USCS § 1915 and the Federal Rules of Civil Procedure to operate harmoniously and, once plaintiff has filed complaint and petition to proceed in forma pauperis within limitations period, the period is tolled to allow service of summons and complaint at later direction of District Court. The Seventh Circuit, also, noted at Page 83 thereof:

> This interpretation is analogous to our conclusion in *Brown v. J.I. Case Co.*, 756 F.2d 48 (7th Cir.1985), where we held in a case involving a private defendant that the filing of an application for apointment of counsel along with a

right-to-sue letter tolls the limitations period while the counsel request is pending. Similarly, the Sixth Circuit has held that because "the filing, processing and decision of the motion for counsel could consume the entire 30-day period," the motion for appointment of counsel tolls the statute of limitations until the motion is decided and for a reasonable time thereafter. *Harris v. Ealgreen's Distribution Center*, 456 F.2d 588, 591-592 (6th Cir.1972).

This is totally consistent with the Supreme Court's guide for analysis of any application of 28 U.S.C. §§ 1915 in *Coppedge v. United States*, 369 U.S. 438, 441, even though it was a criminal case, that:

> Statutory provision for litigation *in forma pauperis* in the federal courts is made by 28 U. S. C. § 1915, authorizing "any court of the United States" to allow indigent persons to prosecute, defend or appeal suits without prepayment of costs. Before discussing our understanding of the proper manner in which a Court of Appeals is to exercise its authority to allow a criminal appeal *in forma pauperis*, we believe it would be helpful to indicate briefly the law applicable to criminal appeals generally. *The provisions of § 1915 can be understood and applied in such cases only when read together with the other provisions of the Judicial Code and the Federal Rules governing criminal appeals.* (emphasis added)

Accordingly, this court should adopt the policy set forth by the Seventh Circuit in *Paulk v. Department of Air Force*. and, since it is undisputed that:

1. The limitation period ended (without benefit of the additional period that the undersigned's handing the appropriate process for service to an appropriate process server within the limitation period) on December 9, 2002.

2. The plaintiff filed her Complaint and Motion for Leave to Proceed In Forma Pauperis Pursuant to 28 U.S.C. § 1915 on December 6, 2002.

3. The Clerk of this Court sent notice in a letter dated December 12, 2002 of the granting of the plaintiff's said Motion for Leave to Proceed In Forma Pauperis to the undersigned, which contained instructions pursuant to the granting of said Motion for Leave to Proceed In Forma Pauperis with which the plaintiff complied .

Wherefore, as a matter of law, defendant's statute of limitations ground is without merit.

6

THE PLAINTIFF,

BY _(signature)_
EDDI Z. ZYKO, ESQUIRE
120 FENN ROAD
MIDDLEBURY, CT 06762
CT JURIS NO. 71655
FEDERAL BAR NO. CT-14172
TEL NO: 203-758-8119
FAX NO: 203-598-7994

## CERTIFICATION OF SERVICE

I hereby certify that on September 26, 2005 a copy of the foregoing was mailed first class, postage prepaid to the counsel for the defendants: Morrison, Mahoney & Miller, One Constitution Plaza, 10th Floor, Hartford, CT 06103.

_(signature)_
EDDI Z. ZYKO, ESQUIRE

7