```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
                                      :
ROSEMARY HUGHES,                      :
                                      :
     Plaintiff,                       :
                                      :
V.                                    :   CASE NO. 3:02CV2177 (RNC)
                                      :
                                      :
EQUITY OFFICE PROPERTIES TRUST,       :
                                      :
     Defendant.                       :
```

RULING AND ORDER

Plaintiff brings this negligence action seeking damages for injuries she allegedly sustained when she slipped and fell in a Massachusetts restaurant. Jurisdiction is based on diversity of citizenship. Defendant, which owned the premises at the time, has moved for summary judgment on several grounds, including the statute of limitations. I agree that the action is time-barred and therefore do not address defendant's other arguments.

Facts

The parties agree that the date of the injury was December 9, 2000. (Def.'s Local Rule 56(a)(1) Statement, Doc. #48, ¶ 1; Pl.'s Local Rule 9(c)(2) Statement, Doc. #57, ¶ 1.) On December 6, 2002, plaintiff filed the complaint in this action along with a motion for leave to proceed in forma pauperis. (Doc. #1.) By letter dated December 12, 2002, the Clerk notified plaintiff's counsel that the motion had been granted. (Pl.'s Local Rule 9(c)(2) Statement, Doc. #57, Exh. C.) Defendant was served with

process on January 1, 2003.  (Def.'s Local Rule 56(a)(1) Statement, Doc. #48, ¶ 3; Pl.'s Local Rule 9(c)(2) Statement, Doc. #57, ¶ 3.)

Discussion

In diversity cases, federal courts apply the forum state's statute of limitations.  Guaranty Trust Co. v. York, 326 U.S. 99, 107-10 (1945).  In Connecticut, the statute of limitations applicable to personal injury claims based on negligence is two years from the date of injury.  Conn. Gen. Stat. § 52-584.[1]  Thus, plaintiff was required to commence this action no later than December 9, 2002.

Defendant contends that it is entitled to summary judgment because, under Connecticut law, the action was not commenced until it received service of process on January 1, 2003.  The Connecticut Supreme Court has held that an action is commenced for statute of limitations purposes only when the defendant is

---

[1] The Connecticut statute of limitations applies even though the alleged injury occurred in Massachusetts.  In diversity cases, federal courts must apply the choice-of-law rules of the forum state in cases of conflict.  Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941).  Under Connecticut's choice-of-law rules, statutes of limitation are usually considered procedural, and the courts therefore apply the Connecticut statute of limitations.  Feldt v. Sturm, Ruger & Co., 721 F. Supp. 403, 406 (D. Conn. 1989); see also Norton v. Michonski, 368 F. Supp. 2d 175, 179 (D. Conn. 2005) (applying the Connecticut statute of limitations in a tort action arising from a vehicle accident in Massachusetts); Baxter v. Sturm, Ruger & Co., 230 Conn. 335, 340-41 (1994) (on certification from the 2d Cir.) (explaining that the Connecticut statute of limitations applies for actions to enforce rights that existed at common law).

served with process.  See Rocco v. Garrison, 268 Conn. 541, 549 (2004); Consol. Motor Lines, Inc. v. M. & M. Transport Co., 128 Conn. 107, 109 (1941).[2]  Plaintiff responds that, under Rule 3 of the Federal Rules of Civil Procedure, the action was commenced by virtue of the filing of the complaint, and that, under federal case law, the running of the statute of limitations was tolled by the filing of the motion to proceed in forma pauperis.  See Toliver v. County of Sullivan, 841 F.2d 41, 42 (2d. Cir. 1988).

In diversity cases, the statute of limitations must be applied in accordance with state law.  See Walker v. Armco Steel Corp., 446 U.S. 740 (1980).  In Walker, the Court held that Oklahoma's rule requiring service on the defendant, rather than Rule 3, governed the tolling of the statute of limitations in a diversity case.  Id.  The Court recognized that the rule requiring actual service was "part and parcel of the statute of limitations." Id. at 752.  The Court found no conflict between Oklahoma's service rule and Rule 3, reasoning that in diversity cases, Rule 3 only "governs the date from which various timing requirements of the Federal Rules begin to run." Id. at 751.  The Second Circuit has interpreted Walker to mean that Connecticut's rule, not Rule 3, controls in diversity actions in

---

[2]  There is one statutory exception to this rule, but it is not applicable here.  See Conn. Gen. Stat. § 52-593a (extending the statute of limitations by thirty days when process is delivered to a state marshal for service).

this court.  See Converse v. Gen. Motors Corp., 893 F.2d 513 (2d Cir. 1990).  Accordingly, under Walker and Converse, the statute of limitations issue in this case is governed by Connecticut's rule requiring actual service on the defendant.  Consol. Motor Lines, 128 Conn. at 109.

Plaintiff contends that the interests of justice would be served by according her the same favorable treatment she would receive if her claims were based on federal rather than state law.  However, Connecticut courts are reluctant to create equitable exceptions to the bright-line rule requiring actual service.  See, e.g., Raynor v. Hickock Realty Corp., 61 Conn. App. 234, 242-44 (2000) (declining to adopt exception that would toll running of statute of limitations on service of prejudgment remedy documents); Howard v. Robertson, 27 Conn. App. 621, 624-26 (1992) (declining to adopt exception based on service of defective summons).  Moreover, one Connecticut court has explicitly held that filing a fee waiver request (which is similar to a motion for permission to proceed in forma pauperis) does not toll the running of the statute of limitations.  Goodrum v. New Haven Police Dep't, No. CV950370342S, 1996 WL 704377, at *1 (Conn. Super. Ct. Nov. 26, 1996)(Silbert, J.) ("This court has been unable to find any . . . applicable exception which might save this plaintiff's cause of action.").  No case to the contrary has been cited or found.  Following Goodrum, I conclude

4

that the filing of the complaint and motion to proceed in forma pauperis did not toll the running of the statute of limitations under Connecticut law.

Since the statute of limitations was not tolled in this case, and the two-year period expired before defendant was served, the action is time-barred by Conn. Gen. Stat. § 52-584. Defendant's motion for summary judgment is therefore granted. The Clerk may close the file.

So ordered this 29th day of September 2005.

$$\underline{\phantom{xxxxxxxx}/s/\phantom{xxxxxxxxxx}}$$
Robert N. Chatigny
United States District Judge