MANDATE

06-1211-cv
Hughes v. Equity Ofc. Prop. Trust

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

    At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of August, two thousand and seven.

PRESENT:

        HON. GUIDO CALABRESI,
        HON. REENA RAGGI,
        HON. PETER W. HALL,
                *Circuit Judges.*



UNITED STATES COURT OF APPEALS FILED AUG 21 2007 Catherine O'Hagan Wolfe, Clerk SECOND CIRCUIT

---

Rosemary A. Hughes,
              *Plaintiff-Appellant*,

    -v.-                                                      No. 06-1211-cv

Equity Office Properties Trust,

              *Defendant-Appellee.*

---

For Plaintiff-Appellant:    EDDI Z. ZYKO, Middlebury, Conn.

ISSUED AS MANDATE
9/28/07    D.B.

-1-

| | | |
|---|---|---|
| For Defendant-Appellee: | | DARREN E. SINOFSKY, Morrison Mahoney, LLP (Cristin E. Sheehan, *on the brief*), Hartford, Conn. |

Appeal from the United States District Court for the District of Connecticut (Chatigny, *J.*).

---

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court granting summary judgment be hereby **AFFIRMED**.

---

Plaintiff-Appellant Rosemary A. Hughes appeals from the September 30, 2005 Ruling and Order of the United States District Court for the District of Connecticut (Chatigny, *J.*), granting Defendant-Appellee Equity Office Properties Trust's motion for summary judgment and dismissing Appellant's tort claims. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

This Court reviews a district court's grant of summary judgment *de novo*. *New York v. Nat'l Serv. Indus.*, 460 F.3d 201, 206 (2d Cir. 2006). Summary judgment may be granted only if we conclude that the case presents "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The relevant facts here are all uncontested.

A federal court sitting in diversity applies the forum state's statute of limitations. *Guaranty Trust Co. v. York*, 326 U.S. 99, 107-10 (1945). The Connecticut statute of limitations for personal injury claims based on negligence is "two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered." Conn. Gen. Stat. § 52-584. Appellant's injury, which was discovered immediately, was received on December 9, 2000; she was therefore required to commence this action by December 9, 2002.

Federal courts sitting in diversity also follow state law in determining *when an action is commenced* for statute of limitations purposes. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 752-53 (1980). Under Connecticut law, "'an action is commenced not when the writ is returned but when it is served upon the defendant.'" *Rocco v. Garrison*, 848 A.2d 352, 358 (Conn. 2004) (quoting *Broderick v. Jackman*, 355 A.2d 234, 235 (Conn. 1974)); *see also Converse v. Gen. Motors Corp.*, 893 F.2d 513, 515 (2d Cir. 1990). Appellee was not served with process until January 1, 2003. The action was therefore time-barred.

Appellant contends that the limitations period should have been tolled during the pendency of her *in forma pauperis* motion. This is a question of state law which we need not reach. Equitable tolling "'means only that the running of the statute is suspended, not that the limitations period begins over again.'" *Tristar Corp. v. Freitas*, 84 F.3d 550, 553 (2d Cir. 1996) (quoting *Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir. 1994)). Appellant's *in forma pauperis* motion was filed on December 6, 2002, three days before the end of the limitations period, granted on December 10, 2002, and entered on the docket on December 12, 2002. Assuming, *arguendo*, that the limitations period was tolled, and giving Appellant the benefit of the entry date, Appellant would have had only three days thereafter to serve papers on Appellee—that is, she would have had to serve papers by December 15, 2002. As she did not do so, her action would have been time-barred even assuming equitable tolling.

Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of the Court

By: *Oliva M. George*
Oliva M. George, Deputy Clerk

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by _____
DEPUTY CLERK